Joseph D. Wheelock, Administrator of Jotham Whee-
lock, vs. Jonathan Wheelock, Jun.

Windsor,
February,
1833.

That, in a special assumpsit and plea of non assumpsit, it is no objection to evidence offered, that it does not prove a good cause of action, if it proves the special promise declared upon.

That sayings of the plaintiff who sues as administrator, relative to the note in suit, and tending to prove it not due, are not admissible in evidence, unless he refers to something within his own knowledge ; and which would be obligatory between him and the estate, he represents.

That a note payable to A. B., guardian of C. D. must be sued in the name of A. B. and not in the name of the administrator of C. D. And, if sued in the name of the latter and there is a verdict for the plaintiff, judgement will be arrested.

That when defendant's motion in arrest is overruled by the County Court, and that judgement is reversed in the Supreme Court, the defendant is entitled to his costs before the Supreme Court, but to no other costs.

This action was brought up from the County Court by exceptions to their decisions. The following is a copy of the Bill of exceptions, allowed by the judges, so far as necessary to understand the points litigated.

This was an action of assumpsit, brought by the plaintiff in his capacity of administrator of Jotham Wheelock, an insane person, deceased, on a note, payable to Ebenezer Wheelock, guardian of said Jotham Wheelock, executed in the life time of said Jotham, and while he was under the guardianship of the said Ebenezer Wheelock.

The cause was put to the jury under the general issue.

The plaintiff to support the issue on his part, offered, in evidence to the jury, a Note, of which the following is a copy, to wit,

" For value received, I promise to pay Ebenezer Whee-
" lock, guardian of Jotham Wheelock, Sixty-nine dollars
" and twenty-two cents, with use, on demand. Witness
" my hand this 29th day of May, A. D. 1827, at Caven-
" dish."
    (Signed)     "JONATHAN WHEELOCK. Jr."

The defendant objected to said note's being given in evidence to the jury ; but the Court decided, that said objection be overruled, and, said note was read, as evidence to the jury.

The plaintiff also read as evidence to the jury, the deposition of Ebenezer Wheelock, which shows the execution

WINDSOR,
February,
1833.

Wheelock
vs.
Wheelock.

of the note to him, while Guardian, and his delivering the same to Joseph D. Wheelock, who succeeded him as guardian; and that said note was due and belonged to said Jotham.

The defendant, to maintain the issue on his part, offered in evidence to the jury a duly authenticated copy from the probate records of the district of Windsor, showing, that Jesse Spaulding and Joseph Stone were by the Probate Court for said district duly appointed a Committee to take an inventory, and make an appraisal of the estate of said Jotham Wheelock, deceased.

The defendant also offered in evidence, the testimony of the said Jesse Spaulding and Joseph Stone, tending to prove, that in pursuance of said appointment, they took an inventory, and made an appraisal of the estate of the said Jotham Wheelock, deceased, and, that, on that occasion, the said administrator brought forward the said note, and said to the said appraisers, " There is a note against Jonathan Wheelock, jr. which is not to be collected, "but to be given up to him. You may appraise it at something or nothing." And also tending to prove, that the said appraisers did appraise and inventory the said note at only $20. And also, tending to prove, that the said Jonathan Wheelock, jr. was able to pay the full amount of said note, and, that said note would have been good for the full amount thereof, in case it were justly due. To all which the counsel for the plaintiff objected, and the Court decided, that the same be excluded. On the evidence aforesaid, the Court directed the jury to return a verdict for the plaintiff, for the full amount of said note, which they did.

To all which decisions and directions of the Court, the defendant excepted.

The defendant also moved in arrest for the following reasons, to wit. Because it appears by the record in said cause, that the plaintiff has sued in his capacity of administrator of Jotham Wheelock, deceased, and the note, on which his action is brought, is made payable to Ebenezer Wheelock, guardian of Jotham Wheelock.

This motion being overrulled by the Court, the defendant again excepted. Upon these exceptions the case passed to the Supreme Court for revision.

WINDSOR,
February,
1833.

Wheelock
vs.
Wheelock.

*Argument for defendant,*—1st. The defendant insists, that the note, on which the plaintiff has brought his action, is a contract between the defendant and Ebenezer Wheelock, and the phrase in said note, "guardian of Jotham Wheelock," is merely descriptive of the said Ebenezer Wheelock, and therefore the action ought to have been brought in the name of the said Ebenezer Wheelock, or, in case of his death, in the name of his administrator, and not in the name of the administrator of the said Jotham Wheelock.—Brayton's Rep. 108 ; 1 D. Chipman's Rep. 409 ; 8 Mass. Rep. 162, *Sumner, Adm.* vs. *Thos. & Jos. Williams ;* 5 Mass. 299, *Thacher & al* vs. *Dinsmore.*

The administrator represents his intestate in all his personal contracts, and in all causes of action, which accrued to the intestate in his lifetime ; but all contracts, made by the administrator respecting the estate of the intestate, are the personal contracts of the administrator, and must be sued in his name, or in case of his decease, in the name of his administrator, and not in the name of an administrator *de bonis non* of the first intestate.

An insane person under guardianship, is as much dead in law, as it regards making contracts, as a deceased intestate.

On all contracts, made by the ward, previous to his guardianship, the guardian must sue in his capacity of guardian ; but all contracts made by the guardian, respecting the estate of the ward, are the personal contracts of the guardian, and must be sued in his individual capacity, and not in his capacity of Guardian ; and therefore, in case of the decease of the ward, they cannot be sued in the name of his administrator.

Contracts, made by an administrator or guardian, are entirely different from those, made by an agent. An agent represents his principal ; and his contract is the contract of the principal ; and the agent can make no contract, except where the principal might make the same contract personally ; but an administrator can have no principal, for his intestate is dead, and can make no contract ; neither can a guardian of an insane person have any principal, for his ward is civilly dead, and can make no contract.

2d. The defendant further insists, that the testimony which he offered, tended to prove an implied acknowledgment of the plaintiff, that the said note had been paid, or in some other way settled, and was to be given up to the defendant, and therefore ought not to have been excluded from the jury.

3. The defendant further insists, that the testimony which he offered, ought at least to have been permitted to be given to the jury in mitigation of damages.

*Argument for plaintiff.*—I. The plaintiff insists that the evidence offered by the defendant was properly rejected, from these considerations.

1st. This testimony was entirely insufficient to make out any defence. It as much tended to show a previous assurance of favor, or accord without satisfaction, as any thing else.

2d. If it be insisted on as tending to show previous payment, it is obvious that, taken together it is most clearly the other-way; as the plaintiff permits it to be charged to him and accounts for it. The fact of his not accounting for it *in full* is of no importance, as he must hereafter account on collection.

3d. It is contended, that the plaintiff, as administrator, has no power to concede away the rights of creditors, and heirs, especially by such concession as in no way charges himself. He is a mere agent; and this does not fall within his agency. It has not that ingredient, which gives force to a concession, *being without interest.* 6 Mass. Rep. 58, *Foster* vs. *Fuller;* 8 Pick. Rep. 132, *Spraker* vs. *Davis;* Bul. N. P. 237; Salkeld, 260 ; 6 Con. 170, *Knapp* vs. *Handford.*

II. The other point in exception on trial obviously cannot be sustained ; as the note objected to, was clearly as stated in the declaration, and evidently admissible to sustain the issue on trial between the parties.

III. The other point arises on the motion in arrest. The question is, can the plaintiff, as administrator of Jotham Wheelock, sustain an action on this note ?

1st. It may be important, here, first to dispose of a class of decisions, on which the defendent has seemed to rely ;

Windsor,
February,
1833.

Wheelock
vs.
Wheelock.

that is, all that class of decisions which make administrators, guardians and sometimes other agents personally liable on covenants and engagements entered into for the principals. That entirely rests on the words of such covenant or agreement. Most obviously any man may be holden for another if he so agrees.

2d. There is another class, to wit, promises made to administrators and executors. These must be enforced by such trustees, as no one else could sue; as the contract could not show for whose benefit, whether legatees, heirs or creditors, it was made.

3d. This, by the note and the testimony, is shown to have been the property of Jotham Wheelock. From him the consideration moved, and for his benefit the promise was made, and then he might sustain a suit, and, if he, then his administrator. And even if it were true, that the former guardian might have sustained a suit, it does not, therefore follow, that the present plaintiff cannot. 1 D. Chip. Rep. 451.

4th. Had the deceased in his life-time recovered his reason, and been discharged from guardianship, he could have sustained the suit. And, therefore, his administration may, when the guardianship ended by the death of the ward. 1 Chit. Plea. 5, 25.

5th. It should not be holden, that the guardian, by taking a note in this form for the debt of the ward, diverted so much from the fund to his own use, for which he would be at once holden, and to collect for himself; and had the suit been brought even pending the guardianship, it should have been a suit by Jotham Wheelock, *by his guardian*.

6th. This is a contract made with an agent, disclosing his principal at the time, and the suit, therefore, by the principal. 1 Chit. Plea. 25; 1 Boss & Pull. 101, Note B.

The opinion of the Court was pronounced by

Hutchinson, C. J.—It appears by the exceptions, that on the trial of the issue, the plaintiff offered in evidence just such a note as he had described in his declaration.— The defendant objected to the reading of this note, but it was admitted by the Court; and we think, correctly. The question for the jury to try was, whether the declaration

WINDSOR,
February,
1833.

Wheelock
vs.
Wheelock.

was true? This note was direct evidence to prove it. The reasons, urged by the defendant against the reading of this note, are only applicable to show the declaration insufficient.

Again, the testimony, offered by the defendant, was correctly excluded. The plaintiff's saying to the appraisers, that this note must not be collected but be delivered up, did not prevent their appraising it at twenty dollars, which made him accountable for that sum before the Court of Probate. He told no fact, which if true, would make a defence to the note; such as that it was fraudulently obtained, or was paid. He might have heard and believed things as having happened before the decease of Jotham Wheelock, which yet are not true. He is not suppposed to know any thing, not resulting from his own acts, but from those of his intestate. If this administrator had conceded, that he had received the pay on the note, that might be good evidence for the defendant. That would be his own act, and would bind him to account before the Court of Probate. The evidence, offered, would show, that the plaintiff has accounted for the twenty dollars, the appraised value of the note. If he recovers and collects any more, he must account for that also.

We pass to consider the motion in arrest, which is founded upon a supposed defect of the declaration. This presents the question, whether the suit was correctly brought in the name of the plaintiff, as administrator of Jotham Wheelock, or whether it should have been brought in the name of Ebenezer Wheelock. The note was executed in the life time of said Jotham, and while said Ebenezer was his guardian; and was made payable to Ebenezer Wheelock, guardian, &c. Several authorities are cited, that seem to support this declaration. Such are the cases of Corporations, where the Treasurer has been treated as the mere agent of the Corporation, in a suit upon a contract where the treasurer is named as payee. In such cases as that of *Arlington* vs. *Hinds*, the *Whitelaw* case, and the case in 5th Mass. Rep. the agents may be considered as having exceeded their authority, or stepped aside of their duty in so shaping the contracts, as to make them payable to themselves; and the consideration having passed from

WINDSOR,
February,
1833.

Wheelock
vs.
Wheelock.

the corporation, they have a right to treat their Treasurers as mere agents, and claim the promise as enuring to the Corporation itself. When the signer promises the Corporation that he will pay to their Treasurer, there is no difficulty. The consideration moving from the promisee, it is natural, in case of Corporations, that the promise to them should be to pay to their Treasurer, who is their agent especially appointed to receive their funds. And, when it is obvious, that the consideration moves from a corporation and the promise is to pay to one, who is merely the agent of such corporation, there is not much fiction in considering this as a promise to the corporation, that the pay shall be made to such agent. Probably a declaration should be so made upon such a contract, to be according to its legal effect.

In ascertaining how far those authorities are applicable to the present case, we must decide whether a guardian is a mere agent, like the treasurer of a corporation. We think he is not to be so considered. He acts upon his own responsibility, he is under bonds to account for all the monies, which come under his care, belonging to his ward. It best comports with legal principles to consider the guardian, in a note drawn like this, as the Trustee, and the legal interest in him ; and require the action to be in his name. His name being inserted as payee, the adding the words, " guardian to Jotham Wheelock, does not change the payee, but points out the *certui que trust*. And to him the guardian must render an account, either of the fund paid out on receiving this note, or for the amount of the note when collected.

We need not now decide, whether Ebenezer Wheelock rendered himself liable to account for the fund, by taking the note in this form, or what other circumstances might render him thus liable. This question could not arise where he, acting for his ward, took a note payable to his ward. In such a case, upon a change of guardian, the note might pass to the new guardian, and be sued by him without naming the former guardian. So, in case of the decease of the ward, the note would pass to the administrator, and might be sued by him. And, if any loss should happen by the neglect or unfaithfulness of any guardian,

the reasonable damages for such neglect might be recovered of him upon his bond.

Suppose a suit had been commenced by Ebenezer Wheelock, as guardian, while he was in fact such, and the guardian should be changed, or the ward should die, and an administrator be appointed, it would hardly be thought of as practicable, for such new guardian, or such administrator, to come in, and be entered as plaintiff to prosecute the suit, thus commenced by the first guardian.

There is no such difficulty, when a suit is commenced by an administrator, and he dies, or is discharged, and another is appointed. In any such case, the new administrator comes in as plaintiff, and prosecutes the suit. Had Ebenezer Wheelock sued this note and died, his administrator could finish the suit for the benefit of Jotham, or his estate.

The judgement of the County Court is reversed, and the judgement to be entered, to dispose of the action, is, that judgement be arrested, and, as the motion in arrest was made in the County Court, the defendant recovers his cost of this term, but nothing more.

*Washburn,* for defendant.
*Collamer,* for plaintiff.