## ESSEX COUNTY.

### MARCH TERM, 1835.

PRESENT, Hon. STEPHEN ROYCE, ⎱
    "    "  JACOB COLLAMER, ⎰ *Assistant Justices.*
    "    "  JOHN MATTOCKS,

---

### MAIDSTONE *vs.* RICH STEVENS.

Essex,
March,
1835.

The action of *ejectment* for the non payment of rent against a lessee may be sustained under any statute without a demand of the rent, though the lease was executed before the statute.

The lease, in terms, giving the right of entry only after the rent in arrear " shall have been *lawfully demanded,*" does not alter the case.

Receiving of rent, subsequently, does not waive the right to sustain this action, unless it be shown that the receiver knew of the arrear rent at the time ; and the rent received, to have this effect, should have accrued after the forfeiture existed or the action commenced.

This was an action of ejectment for a certain school lot in Maidstone. On the trial it was conceded, that the defendant was in possession of the lot as an assignee of a lease, executed by the selectmen to J. Smith, May 1, 1797, and assigned to the defendant ; in which lease was reserved an annual rent, payable to the selectmen on the first day of May, and a right of re-entry in case said rent should at any time remain over due twenty-eight days, " *being lawfully demanded.*" The plaintiff introduced testimony tending to show several years rent in arrear, and that the defendant had been frequently requested to pay up the same, though no particular sum was specified in said demands. That one of the selectmen, on the day of the date of the writ in this case, requested the defendant to pay up all the rent in arrear, not specifying how much. This was May 16, 1833. The defendant read in evidence two receipts, each signed by one selectman, only ; one for the rent in full for 1829, dated May 25, 1830, and the other dated May

Essex,
*March*,
1835.

Maidstone
*vs.*
Stevens.

10, 1833, for the rent of 1833. The plaintiff gave evidence tending to prove that several years rent was still due.

The defendant-requested the court to charge the jury, that the plaintiff was not entitled to recover, unless he proved the rent in arrear had been demanded on the premises, and the true sam due, or the year, specified in the demand; and further, that receiving the rent specified in said receipts was a waiver of any right to maintain this action on account of any of the rents due previous to said receipts.

The court charged the jury, that no demand of the rent on the premises, ot specifying the true sum due, or the year, was necessary to entitle the plaintiff to recover;—that the receipts furnish evidence not only that the sums therein mentioned were paid, but also a presumption that previous rents had been paid; but this presumption was subject to being rebutted by proof;—that the receiving said rents and giving said receipts by the person who signed the same was not alone a waiver of the right to maintain this action for any previous rent unpaid, without proof that said person giving said receipt was then knowing the existence of said arrear;—that if the jury were satisfied that the plaintiff had by testimony rebutted said presumption of payment arising from said receipts, and convinced the jury there was rent in arrear at the commencement of this action, which had accrued since the defendant went into possession as assignee, they would find for the plaintiff; otherwise for the defendant. To which charge the defendant excepted; and verdict and judgment being rendered for the plaintiff, the exceptions were allowed and the cause passed to the supreme court.

*Fletcher for the defendant* —The statute of 1818, p. 109, does not vary or control the conditions of this lease. The lease was executed in 1797. The construction of its covenants and conditions is governed by the rules of the common law.

By the terms of the lease, before right of re-entry accrues, there must be a demand of the rent in arrear, and this demand made conformable to law. We have then to inquire how and in what manner the common law prescribes that a demand shall be made by the landlord of the tenant of rents in arrear, to justify the landlord to enter upon the premises for non payment of rents.

1. The first inquiry then is, what is necessary for the landlord to do to give him a right of entry?

(1) There must be a demand of the rents in arrear.

(2) It must be made on the premises.

(3) It must be made on the day the right to demand accrues.

(4) It must be of the sum actually due.

Esp. Ev. 200. 1 Saund. 287. Saund Pl. and Ev. 574. Cok. Lit. 202. Stat. 109, sec. 2, implies it.

2. Where the lease expresses an agreement for notice, the time, mode and manner must conform to it.—Saund. Pl. and Ev. 574. Peak's Rep. 5. 6 Esp. Rep. 10. 1 Saund. 555.

3. A right of entry may be waived by omitting to make demand for rents in arrear, or accept subsequent rents, or distraining, &c. 1 H. Bl. 311. Saund. Pl. and Ev. 576. Esp. Ev. 203–5.

The plaintiff proved a demand, but not on the premises, nor of any specific sum, nor for any particular year. He had accepted rent for the current year next preceding the one in which the action was brought. The rents demanded accrued antecedent to 1833.

The court charged the jury that the plaintiff might recover, though he did not demand the rent on the premises, or specify the sum demanded, or the particular year for which the demand was made. In omitting to charge as requested, and instructing the jury as stated in the bill of exceptions, it is respectfully submitted that there is error.

*Cushman for the plaintiff.*—Plaintiff contends, it is not necessary that the rents due should be demanded on the premises leased, or that the precise sum due at the time of the demand should be named. A request from either of the selectmen to the person liable to pay the rents, to pay, whatever may be due at the time of the request, is all the demand which can be required. Indeed, our statute of 1818, p. 109, makes *any demand unnecessary.*

Did the receipt for the rents of 1833, by one of the *selectmen,* discharge the defendant from all liability for rents due and unpaid the previous years, while the defendant was occupying and improving the premises as assignee of the lessee?

The defendant contends that it does not. The land was leased by a board vested with power to lease by statute. The act of one of the board is not the act of the board. A majority must act. A lease executed by one would be invalid. A rent by one is not binding on the town.

The rents should be paid into the treasury of the town.

A payment of the amount of the rent to one of the selectmen constitutes the person receiving it the *agent* of the *lessee* for the purpose of delivering the rents over to the treasurer; and if the

Essex,
*March*,
1835.

Maidstone
*vs.*
Stevens.

rents are thus paid, and received by the town, the rents are discharged, and not otherwise.

2. The common law does not regard the payment of rent for the last year as a discharge from the payment of previous arrears of rent due. By the statute of 4 Geo. II. ch. 28, sec. 2, it is provided, that when ejectment is brought for the forfeiture of a lease for non payment of rent, the acceptance of rent last due is a waiver of the penalty or forfeiture.

But the doctrine of that whole case, in relation to the *effect* that receipt of rent has upon a previous notice to quit sustains the position I contend for in this case. With what *interest* was this rent paid and received? What was the real *intention* of both parties? These are facts which should be left to a jury. The landlord must have *notice* of the *forfeiture*, or receipt of rent cannot be regarded as a waiver of the forfeiture.—Cowper, 803. 2 Stark. 535. 2 T. R. 245, *Roe vs. Harrison.*

The reason on which the law rests, (on which the defendant relies,) is done away by our statute, p. 109, and does not exist in this state, and "when the *reason* ceases the law ceases." The doctrine of *forfeiture* does not apply here. In England, if tenant neglect to pay rent, he forfeits his interest and the lease is determined.

*Here*, at any time before final judgment in the action of ejectment, tenant may pay rent and costs and continue to enjoy the benefit of his lease.

If the rents may be paid to one selectman, it follows of almost absolute necessity, that the doctrine contended for by defendant cannot prevail.

Our selectmen being annually appointed—a board constituted of a number of individuals, ("not less than three nor more than five,") the individuals of each year could not be supposed, (from the tenure of their office and the nature of their duties) to have any knowledge whether all rents had or had not been paid.

In this case the *terms* of the rents indicate the *objects* and *intent* of defendant, and the individual selectman who executed them. It was never intended as a waiver of any right.

The opinion of the court was delivered by

COLLAMER, J.—This lease gives the right of entry for the nonpayment of rent which has been due 28 days. What is said in the lease about the same having been *legally demanded* is unimportant, as the same would have been necessary by the common

Essex,
*March*,
1835.

Maidstone
*vs.*
Stevens.

law, under which the lease was executed, without these words. They were expletive when inserted and so remain. By the common law, where there was a right of entry for the failure to pay rent, it was viewed and enforced by the action of ejectment as a *forfeiture* of the tenant's estate, and therefore the utmost strictness was required on the part of the landlord in performing all the requisites on his part in asserting his legal rights, like the performance of conditions precedent. The demand of the rent must have been made on the true day when due, on the premises, at the most public place thereon, by the landlord or his attorney appointed in writing. And when the forfeiture was legally taken, the right of the tenant was viewed as forever gone at law, and the ejectment was sustained accordingly. To relieve the landlord from this strictness of proceeding on the one side, and the tenant from its effects on the other, the statute of 4th Geo. II. was passed, by which the action of ejectment was given for the non-payment of rent without demand on the part of the landlord, and it granted the tenant the right, by paying up the rent and costs in six months after judgment, to retain his estate. By our statute of 1818, (Stat. 109,) it is provided that the action of ejectment for the non-payment of rent may be sustained without proof of demand, and the tenant may have all the proceedings arrested by paying up before final judgment. These statutes create no new duties or obligations, and *do not impair the obligation* of any contract. The statute but gives a new and more simple remedy for an existing right, and in so doing secures mutual and reciprocal advantages to both parties. It is under this statute this action is sustained, without a formal demand on the one side, and with the right to pay up and retain the estate on the other.

It is next insisted, that inasmuch as the defendant paid up the rent of 1833, which was received by one of the selectmen, this action could not be sustained on account of previous rent being unpaid, even though that selectman did not know of the existence of said arrears. It is true the receiving of the rent of 1833 raised a presumption that the previous rents were paid, but this was subject to being rebutted, which was done to the satisfaction of the jury. The receiving of rent *eo nomine*, accruing after a forfeiture, is a waiver of the forfeiture, as thereby the landlord elects to treat the holder as *tenant*, and not as a *tort feasor*. But in such case it must be substantially shown that the forfeiture was *known at the time.—Roe* vs. *Harrison*, 5 T. R. 425. In this case the rent for 1833 was received by one of the selectmen. It is very doubtful

Essex,
March,
1835.
Maidstone
vs.
Stevens.

whether the selectmen, especially one of them, being a board with limited powers, could by express contract waive the plaintiff's right, only receiving therefor payment in part. In this case it would be doing the utmost violence to the intent of that selectman to give such effect to his receipt. There was no proof that he had any knowledge of there being any rent in arrear. This is not an action for a *forfeiture.* That should have been taken by the strict rules of the common law. This is an action given by statute. The non-payment of rent is a breach of a *condition subsequent,* and does not in itself divest the estate. That depends on the forfeiture being insisted on by the landlord and taken with exact precision as before stated. The rent must have been demanded on the true day, and it was only after such demand that the tenant became a *tort feasor.* To waive such forfeiture, rent must have been received from the tenant, as rent, which accrued *after such demand.* By statute this action is given without demand. The defendant only becomes a *tort feasor* after suit commenced. To waive this, the landlord must receive rent accruing *after suit.*

Judgment affirmed.