## DAVID WARDEN *vs.* DENISON R. BURNHAM.

*Assumpsit can be sustained only by that person from whom the consideration moves, and who has the beneficial interest in the contract.*

This was an action of assumpsit in five counts. The first count declared in substance that the defendant together with the plaintiff, David Warden, Andrew Warden and William Warden had been co-partners in trade and that they had dissolved partnership, and the defendant had assigned all the debts and claims to the three said Wardens; that among these claims was one against Eliza Doe in account; that the defendant in consideration that said David would discount and deduct from said account of Eliza Doe the sum of seventy-one dollars and forty cents promised to pay him said sum on demand, that the said David did so discount and

ORANGE,
Febi uary,
1836

Warden
vs.
Burnham.

deduct; but the defendant has refused to pay said sum. The second count alleged that *the plaintiff* had such account against said Eliza, and that *he* made such discount at defendant's request, &c. The third count alleged that the plaintiff had paid said sum to said Eliza at the defendant's request, and he promised to pay, &c. The fourth count was for money paid, laid out and expended. The fifth was for money had and received.—Plea, the general issue.

This cause came to the county court by appeal. On the trial there the plaintiff gave evidence tending to prove, that before December 1830, the defendant together with David, Andrew and William Warden were copartners in trade, and had a book account of more than one hundred dollars amount against Eliza Doe, that this account together with all the other claims of the firm, were by the defendant assigned and belonged to David, Andrew and William Warden. In December 1830, the defendant sent by Mrs. Doe his written order, in the following words :—

" Mr. David Warden,

Please deduct sixty-seven dollars and ninety-nine cents of Eliza Doe's account and charge the same to me.

D. R. BURNHAM.

December 17, 1830.

" Add three dollars and seventy-two cents as interest to the above.                    D. R. BURNHAM."

This was delivered by her to the plaintiff, who had the charge of the accounts, and the plaintiff thereon allowed said amount to Mrs. Doe on her account. No other testimony was given, and thereon the county court instructed the jury that upon this evidence the plaintiff was not entitled to recover. The jury returned a verdict for the defendant, and the plaintiff filed exception, and the cause passed to this court.

*Underwood for plaintiff.* The question in this case is, did the county court correctly instruct the jury ? Or rather, did the evidence offered by the plaintiff tend to prove the declaration, the plea being non-assumpsit ?

The jury are to try the *issue joined* and no legal evidence offered tending to prove the issue on either side can be rejected by the court, neither can the court, in such case, direct the jury to find for one party, or the other, though the declaration or plea, *traversed*, be insufficient in law.—*Barney* vs. *Bliss*, 2 Aik. 60.—*French* vs. *Thompson*, 6 Vt. R. 59. The evidence in this case was not rejected on account of variance, nor could it be, as it clearly tended to prove the declaration. Why then should the court direct

ORANGE,
*February,*
1836.

Warden
*vs.*
Burnham.

the jury to return a verdict for defendant? It was the peculiar province of the jury to weigh the evidence and determine whether it satisfactorily proved the declaration. If it did, they should have been instructed to find for the plaintiff. But plaintiff contends, the court assumed *that properly belonging to the jury,* and decided what should have been left to their determination.

But if, as the case stood before the jury, the question could have properly arisen, whether the action could be sustained in the name of the present plaintiff (which indeed, seems to have been made the turning question, by the court,) the plaintiff insists, the action is properly brought in his name.

The action on a contract must be brought in the name of the party, in whom *the legal interest is vested.*—1 East. 497.—8 T. R. 332.—1 Saund. 153, note 1.—1 Chit. Pl. p. 2. To whom is defendant *legally liable to pay* the amount of the order? He drew the order on plaintiff. The contract was made with plaintiff, as the order shows. None others than the plaintiff and defendant were parties or privies to this arrangement, and being made to plaintiff solely, it matters not whose is the benefit. A bond made to A to pay him or a third person for the benefit of the latter, A must have the action.—1 Chit. Pl. 3.—7 East. 148. When a contract not under seal is made with A, to pay him for the use of B, A alone can sustain the action.—1 B. & P. 98.

In the case on trial, though Andrew and William Warden may be considered as being beneficially interested in the contract made to plaintiff by defendant, yet plaintiff shall properly bring the action.

Again a contract not under seal, is made with A to pay B. A or B may sustain the action.—16 East. 370.—1 B. & P. 101.—3 B. & P. 149.—1 Chit. Pl. 4. In this case, should the considered as made to plaintiff to pay him, Andrew & William Warden, upon the above principle, plaintiff or all three may support the action. The same principle is recognized in *Boardman* vs. *Keeler,* 2 Vt. R. 67, and *Hilliker* vs. *Loop,* 5 Vt. R. 120-1, and cases there cited. A person holding a check or note payable to bearer as mere agent, may sue in his own name, and it does not lie in the mouth of the opposite party to object his want of interest.— 7 Cow. R. *Marvin* vs. *Lamb,* 174, cited Chit. Pl. 7. n. 2. It is said the promise will be intended to have been made to the party from whom the consideration moved. This, however, is merely a rule of construction in pleading.—1 Chit. Pl. 266. Where a declaration sets out a contract it must contain the consideration and the promise. It must be alleged by and to whom it was

made. If it be alleged, that in consideration plaintiff would, &c., the defendant promised to do so and so, generally the law says the promise is alleged with sufficient certainty, as it will be intended, that it was made to the party from whom the consideration is alleged to have moved, to wit, the plaintiff.

ORANGE,
February,
1836.
Warden
vs.
Burnham.

But perhaps this rule will apply to implied contracts, as if A purchase the property of B, C and D, generally the law will imply a promise to pay B, C and D. Yet if A makes a special agreement with B for the horse belonging to B C and D, to which C and D are not party, and make a special promise to pay B, it is in violation of no rule of law for B to have the action.

2. But in this case the plaintiff contends, the consideration did move from himself. Defendant requested plaintiff to extinguish so much of Mrs. Doe's account, and directs him, (the plaintiff,) to charge it to him, (the defendant.) The action is not on the original account aganist Mrs. Doe. In that case plaintiff, defendant, W. and A. Warden would have the action, the law implying that her promise is to them from whom the consideration moved. If Andrew and William Warden were interested in the account, they must look to the plaintiff for the portion he extinguished. Plaintiff could not bind them to this transfer of credit, and if plaintiff answered the order it was at his own risk. The order was not directed to plaintiff Andrew and William.

That part of the declaration, setting out the partnership of plaintiff defendant and others, the account against Mrs. Doe the assignment to plaintiff and others by defendant, is but inducement and no substantial part of the pleadings, showing merely whence the consideration originated.

Again, plaintiff contends, he is the proper person to discharge this claim, and that such discharge from him would be a bar to the action. Again a judgment and satisfaction in this suit, would bar another action in the name of plaintiff Andrew and William, for the same cause. Suppose the action had been brought by plaintiff in the name of A. and W. Warden, and this order had been offered in evidence? Would not the variance have been fatal? Defendant might well have said, I know nothing of Andrew and William. I contracted with David, and he with me as the order shows. Why do they join? Perhaps defendant may have an offset against plaintiff which would be defeated were all three made plaintiffs. He only with whom I contract shall sue me.

Why then turn the plaintiff out of court, to make room for plaintiff A. and W. Warden, who, plaintiff contends cannot sup-

Orange,
*February*,
1836.

Warden
*vs.*
Buruham.

port the action, and if they can, plaintiff alone may also have it.— 2 Taunt. 325.—2 Vt. R. 67.

*Upham for the defendant.*—1. David Warden, we maintain cannot support this action on the order drawn by defendant in his own name. The amount of the order should have been charged to defendant on the company books. Burnham and the Wardens had been in trade together and the company demands had been assigned to the Wardens. Burnham was owing a private debt to a person who was indebted to the company and drew the order in question, directed to David Warden, who was the agent of the firm to settle the accounts, requesting him to pay the account and charge it to him the said Burnham. David Warden received the order and credited the bearer of it on the company books the amount of the order. But did not charge the defendant on the company books as he should have done with the amount. David Warden's partners were interested in this order drawn by defendant. It reduced the claim they had on the individual to whom the order was credited, and the defendant should have been nade debtor to them to the same amount. After the bearer of the order had received credit for it on the company books, the legal interest in it was in David Warden and his partners to whom the partnership demands had been assigned. It would seem then, to follow as a necessary consequence, that David Warden cannot maintain this action. The law declares that the party to whose use the fruits of the suit are to be appropriated, and whose interest has in fact been impaired should complain.—Hammond on parties to actions, p. 4.

The legal interest in a contract, resides with the party from whom the consideration moves, and should be prosecuted in his name.— Hammond on parties, &c., 6.

From whom did the consideration move in this case? Most certainly from the persons who owned the company demands, and the suit should have been brought in their names.—*Dawes vs. Peck*, 8 Tr. R. 332.

2. David Warden, by bringing this suit in his own name has deprived defendant of all pleas in offset against the persons, to whom he had assigned the company demands, and for this reason the action should not be sustained in his name. It was not the intention of the defendant to make himself debtor to the plaintiff by drawing the order, and it cannot be supposed that the plaintiff when he received the order expected to call on the defennant for it in his own name.

The opinion of the court was delivered by

COLLAMER, J.—It is first insisted that the proof presented in this case was precisely in accordance with the first count in the declaration, and directly tended to sustain that count, and therefore it was error in the court to instruct the jury, that the plaintiff ought not to have a verdict. It is true, in principle, that if the defendant could have demurred, but has traversed, and the plaintiff proves his count, he should have a *verdict* even though *judgment* would be arrested. He should not be allowed to recover his costs, and the experiment and expense of a trial on an issue on a count, which is so defective that judgment would be arrested. But in.this case the count was good and could not have been demurred to with success ; for the plaintiff alleged an express promise to pay him, personally and exclusively. Did the proof sustain or tend to sustain this allegation ? The order contained no promise whatever, and none to the plaintiff was shown. The order was a request that a certain amount should be discounted to Mrs. Doe, and a direction to charge the same amount to the defendant. It was directed to the plaintiff, but he had no account against Mrs. Doe. An account however existed, belonging to the three Wardens. To this, the parties undoubtedly alluded, and on this account the discount was made ; and most obviously the order was to be understood as a mere direction to transfer that amount in the books of the *Wardens*, from Mrs. Doe to the defendant ; and such is not only its obvious meaning, but such is its legal effect ; according to which legal effect, every contract must be declared on.

The law is well settled, that as relates to simple contracts the promise, to whoever made, innures to and is deemed a promise to whoever has the beneficial interest, which is the person from whom the consideration moves. The authorities on this subject are collected in *Hammond* and recognized at full length in the case of *Arlington* vs. *Hinds*, D. Chip. 'R. 431. Here the discount was made on Mrs. Doe's account, which account belonged to the three Wardens. From them the consideration moved, and therefore to them the defendants contract innured, and it was in legal effect a promise to them, not to the plaintiff.

The cases which decide that dormant, secret partners need not be joined, have no bearing on this case. There were no dormant partners in this case. Both these parties had been co-partners with the others when the account accrued and knew to whom it was transferred and of course could not be surprized with unexpected names.                 Judgment affirmed.