## TOWN OF JAMAICA v. LEWIS M. HART.*

*Landlord and Tenant. Right of Re-entry. Ejectment. Parties. Estoppel. Gen. Sts. c. 40, s. 14.*

Under the original charter of Jamaica, granted in 1780, certain land was appropriated to the use of the grammar schools of the State. In 1823, a grammar school in Jamaica that was incorporated after that appropriation was made having gone out of existence, the Legislature passed an act providing that the rents and profits of the land be appropriated to the use of the common schools in that town, and empowering the selectmen and their successors in office to lease the land and appropriate the rents to that use under existing laws. The selectmen rented the land for as long as water might run, &c., by a lease under seal, signed by themselves in their official capacity as selectmen, of the one part, and by the lessee of the other, and conditioned that if the rent or any part thereof should not be paid, the selectmen might re-enter and repossess. The land was described therein in part by reference to said statutes of appropriation. After several mesne conveyances the land and the original lessee's rights thereto came to H., who after paying several years' interest neglected to pay further, although rent was demanded by the selectmen, successors in office of the selectmen who signed the lease. The selectmen did not re-enter, but brought ejectment against H., in the name of the town. *Held*, that the lease was in legal contemplation a lease by the town, and that the action was properly brought in the town's name; that defendant, holding by the right of the original lessee, was tenant of the town, and could not question the constitutionality of the statute of 1823; and that as defendant had made default in payment of the rent after repeated demands for its payment, there was, under s. 14, c. 40, Gen. Sts., no need to make re-entry before bringing action.

EJECTMENT for a part of lot No. 17 in the town of Jamaica. The case was heard on an agreed statement of facts, at the September Term, 1877, Ross, J., presiding. The facts agreed on were as follows :

By the original charter of the town, executed November 7, 1780, the township was granted to Samuel Fletcher and sixty-seven others " together with five equal shares or rights " to be appropriated to certain public uses, one of them being " for the use of the county grammar schools throughout the state." In the second division of lots among the proprietors, lot No. 17 was drawn and set to the county grammar school right. On

* Heard at the February Term, 1878.

October 31, 1801, the Legislature incorporated such a school for Windham County, and the school was established at Newfane. But about 1812 the school ceased to exist, and about 1815 the corporation ceased to have an organization and its property was sold. All of its corporators and stockholders died before 1830, and no such school was ever afterwards established in the county; but other such schools were incorporated and established in the State. On October 27, 1823, the Legislature passed an act providing that the rents and profits from that right of land be appropriated to the use of common schools in that town, and empowering the selectmen of the town and their successors in office to lease the land and appropriate the rents and profits thereof to the use of such schools, in the manner provided by law for disposing of the rents of lands originally granted for the use of such schools. On April 1, 1833, the selectmen demised that part of the lot here demanded, by lease under seal, signed by them in their official capacity as selectmen, and by the lessee, to one Rogers Howe for as long as water might run and grass grow, reserving a rental of $4.50, to be paid on January 1, annually; and Howe went into possession under his lease. The lease was expressed to be between " the selectmen of," &c., of the one part, and said Howe of the other, and referred, in describing the land, to the original appropriation and to the re-appropriation by the statute of 1823, and was conditioned as follows:

Provided, and it is the true intent of these presents and the parties, that if the said yearly rents hereby reserved, or any part thereof, shall be behind or unpaid, that then and from thenceforth it shall and may be lawful for the said selectmen into and upon said demised premises, and any and every part thereof, with the appurtenances, in the name of the whole, to re-enter, and the same to have again to repossess and enjoy.

On March 12, 1864, after several mesne conveyances, the premises came into possession of the defendant, with all of Howe's rights thereto. The rent accruing under the lease was paid to January 1, 1860. In 1864 or 1865 the defendant paid the selectmen $13.50 to apply on the rent, without designating for what years; and the selectmen applied it in payment of the rent for the years 1861-3. On February 25, 1871, he paid them $15 to apply on the rent, and they credited it generally, without apply-

ing it on any particular years. No other rent was ever paid to or claimed by any one. The selectmen, successors in office of the selectmen who signed the lease, repeatedly called on the defendant for the rent, and threatened to bring suit for possession of the land, if the rent was not paid on or before a day named, and more than six months before the bringing of this suit ; but such demands were not made on or near the land, and the selectmen made no attempt to re-enter.

The court rendered judgment that the plaintiff recover possession of the land, and $48 rent, and costs ; to which the defendant excepted.

*H. F. Wolcott,* for the defendant.

The grammar schools are presumed still to exist. The action should have been brought in the name of the State. The grammar schools have not lost their right through the statute of 1823, that act being unconstitutional. *Dartmouth College* v. *Woodward,* 4 Wheat. 518; *Caledonia County Grammar Schools* v. *Burt,* 11 Vt. 632.

The defendant might not deny the right of the selectmen under whom he entered, but he is not estopped from denying the title of the town, the lease having been executed by the selectmen in their own names, and rent not having been paid to the plaintiff.

The plaintiff cannot recover because there was no re-entry. There was in non-payment of the rent a mere breach of covenant. *Fifty Associates* v. *Howland,* 11 Met. 103. Until re-entry there was no ouster. See 2 Bl. Com. 155 ; *Fifty Associates* v. *Howland, supra ; Chamberlin* v. *Donahue,* 41 Vt. 306.

But if ejectment will lie, only nominal damages should be recovered. Ejectment under the statute is co-extensive with ejectment at common law united with trespass for mesne profits. *Lippett* v. *Kelley,* 46 Vt. 516, 524.

*E. L. Waterman,* for the plaintiff.

The defendant standing in relation of tenant to the plaintiff, is estopped from questioning the right of the plaintiff as against the grammar schools and the constitutionality of the statute of 1823.

By the statute dispensing with certain common-law requisites for the maintenance of ejectment a re-entry was unnecessary.

The damages were not too large. The rent is an incident of the land, and its recovery follows recovery of the land, as a matter of course.

But damages in this action are in the discretion of the triers of the facts; and it should be presumed that all facts necessary to the judgment were found. *Card* v. *Sargeant,* 15 Vt. 393; *Emerson* v. *Young,* 18 Vt. 603; *Dauchy* v. *Goodrich,* 20 Vt. 127; *Roberts* v. *Welch,* 46 Vt. 164.

The opinion of the court was delivered by

ROYCE, J. Upon the agreed statement of facts the question is made as to the right of the plaintiff to maintain the action. By the lease of the land described in the declaration, executed by the selectmen of the town of Jamaica of the one part, and Rogers Howe of the other part, under whom the defendant claims title, it is stated to be an indenture between the selectmen of the town of Jamaica of the one part, and Rogers Howe of the other part; and it is executed by the selectmen in their official capacity of selectmen; and it will be seen by an inspection of the lease that the consideration moved from the town, and not from the selectmen. The selectmen, in making the lease, acted as the agents of the town, and were in the execution of a power conferred upon them by law, and their act inured to the benefit of the town, and the contract made by them was, in legal contemplation, the contract of the town. This being so, the right to enforce it by suit in the name of the town is clear. *Arlington* v. *Hinds,* 1 D. Chip. 431; 5 Vt. 438; 8 Vt. 395; 21 Vt. 37; 24 Vt. 39; 27 Vt. 89.

The defendant claims that the Act of 1823, by which the right of land in said town originally granted for the use of grammar schools was appropriated to the use of common schools in said town, is unconstitutional; but in the view we take of the case there is no necessity for deciding that question. Rogers Howe, by accepting the lease from the town became the tenant of the town, and those holding under him hold in the same right. The court decided in *Robinson* v. *Hathaway,* Brayt. 150, that in ejectment for non-payment of rent the tenant cannot set up a defense

adverse to the title of his landlord, nor deny his title ; and in *Green* v. *Munson*, 9 Vt. 37, that the tenant cannot dispute the title of his landlord until he has first *bona fide* surrendered his possession. The same doctrine is applied in *Stacy* v. *Bostwick*, 48 Vt. 192. The defendant, then, not being permitted to question the title of the plaintiff, it remains to be determined whether the action of ejectment will lie. It would be profitless to discuss the rules of the common law governing this form of action, so far as they have been abrogated or changed by our statutes. The proviso in the lease is : " And it is the true intent of these presents and the parties that if the said yearly rents hereby reserved, or any part thereof, shall be behind or unpaid, that then and from thenceforth it shall and may be lawful for the said selectmen into and upon the said demised premises and every and any part thereof, with the appurtenances, in the name of the whole, to re-enter, and the same to have again to re-possess and enjoy." It was after default made in the payment of the stipulated rent, and repeated demands for its payment, that this suit was brought. Without considering in detail the objections that have been urged against the right of recovery, it is sufficient to say that in our judgment they are all met and answered by section 14, c. 40 of the Gen. Sts. In *Maidstone* v. *Stevens*, 7 Vt. 487, which was an action of ejectment for a school lot in which the defendant claimed title under a lease from the selectmen of the plaintiff, and an annual rent was reserved by the lease, payable to the selectmen, and a right of re-entry given in case said rent should at any time remain over due twenty-eight days, being lawfully demanded, no re-entry was in fact made ; but the court held that the action would lie under the statute, without a demand of the rent, and that the lease in terms giving the right of entry only after the rent in arrear shall have been lawfully demanded, does not alter the case. We are satisfied with the reasons given by the court and on which their decision was based in that case, and it would be a work of supererogation to repeat them.

There is nothing in the statement of facts that shows that any error was committed in the assessment of damages, and the judgment is affirmed.