HOVIE, Respondent, vs. PLESHEK and another, Appellants.

*April 8—May 12, 1925.*

*Landlord and tenant: Lease of homestead premises: Failure of wife to sign lease: Entry under void lease: Use and occupation: Estoppel of tenant to deny validity of lease: Liability of guarantor of void lease.*

1. Under sec. 2203, Stats., a lease of premises, part of which constitute the homestead of the lessor, which his wife did not sign, was void, and the lessee was entitled to quit, notwithstanding the wife of the lessor may have been at all times ready and willing to sign the lease and the lessee had notice thereof before abandonment, the rights of the parties being fixed at the time of the execution and delivery of the lease. p. 57.

2. In this state a lessee who enters under a void lease is not estopped to deny the invalidity of the lease.  p. 58.

3. Entry on the premises and payment of rent under a void lease creates the relation of landlord and tenant, which, however, arises out of the occupation and not because of the void lease. p. 58.

4. The tenant under a void lease is liable only for the reasonable value of the use of the premises based on an implied contract, and a complaint for rent based on a void lease is demurrable. p. 59.

5. The guarantor of a void lease is not liable in an action against the lessee for the rent.  p. 59.

APPEAL from an order of the circuit court for Shawano county: EDGAR V. WERNER, Circuit Judge.  *Reversed.*

This is an appeal from an order overruling demurrers to plaintiff's complaint.  The complaint sets out three causes of action.  It alleges that on the 7th day of September, 1923, the plaintiff executed to the defendant *Ed. Pleshek* a lease of certain farm lands in Shawano county for a term of two years from September 8, 1923, at an annual rental of $300, payable in equal portions on the 8th day of December, March, June, and September in each year, the first payment to be made on the 8th day of December next following the execution of the lease, and that the defendant *John Wanie,* by a writing indorsed on said lease, guaranteed the payment of the rent and the performance on the part of *Ed. Pleshek* of the covenants and agreements in said lease on his part to be performed.  It is further alleged that a part of said premises constituted the homestead of the plaintiff and that his wife did not sign the lease.

For a first cause of action the complaint alleges that the defendant *Pleshek* went into possession of the premises on the 7th day of September, 1923, and remained in possession until December 7, 1923, and then voluntarily abandoned the premises; that he failed to pay any rent for the period during which he so occupied the premises, and that there is due the plaintiff for rent for the period during which the defendant *Pleshek* occupied the premises the sum of $300.  For a sec-

ond cause of action the complaint alleges that during the time of such occupancy *Pleshek* disposed of various items of personal property which were on said farm at the time said *Pleshek* took possession thereof and that none of said personal property was replaced by said *Pleshek* at the time he abandoned the same; and for a third cause of action it alleges that because *Pleshek* abandoned the farm plaintiff was compelled to move from the city of Milwaukee to take charge of· the farm, which moving involved an expense of $150.

*Pleshek* demurred to the first and third causes of action and defendant *Wanie* demurred to the three causes of action. All demurrers were overruled, and both defendants appealed.

The cause was submitted for the appellants on the briefs of *Dillett & Fischer* of Shawano, and for the respondent on that of *Winter & Winter* of Shawano.

OWEN, J.   The demurrers were based upon the proposition that the lease is void because a portion of the premises demised constituted the homestead of the plaintiff and the wife did not sign the lease.   Sec. 2203, Stats., provides that "no mortgage or other alienation by a married man of his homestead, exempt by law from execution, or any interest therein, legal or equitable, present or future, by deed or otherwise, without his wife's consent, evidenced by her act of joining in the deed, mortgage or other conveyance, shall be valid or of any effect whatever, except a conveyance from husband to wife."   In *Rosenthal v. Pleck,* 166 Wis. 598, 166 N. W. 445, it was held that this "statutory condemnation reaches every feature of the contract that involves the alienation of the homestead, to the end that no valid obligation for its alienation or of any interest therein, or for the incurring of any liability thereunder, can be made by the husband without the wife's consent."   This construction of the statute was reaffirmed in *Helander v. Wogensen,* 179 Wis. 520, 191 N. W. 964.   In view of this construction of the statute

quoted there can be no escape from the conclusion that the lease in this case is absolutely void.

The allegation in the complaint to the effect that the wife was at all times ready and willing to sign the lease and that notice was served upon *Pleshek* prior to his abandonment of the farm by plaintiff's wife to the effect that she was ready and willing to sign the lease, cannot change this conclusion. The rights of the parties were fixed by the execution and delivery of the lease, and it is apparent that these rights could not be changed by the voluntary offer of the wife, unaccepted by the lessee, to sign the lease.

It has been held in other jurisdictions that a lessee who enters under a void lease is estopped to deny the validity of the lease. *Mauldin v. Cox,* 67 Cal. 387, 7 Pac. 804; *Grant v. White,* 42 Mo. 285; *Jamaica v. Hart,* 52 Vt. 549; *Oliver v. Gary,* 42 Kan. 623, 22 Pac. 733. The leases under consideration in the California, Missouri, and Kansas cases demised the homestead and were unsigned by the wife. In this respect they are very similar to the lease in the instant case. The conclusions reached in those cases are not well fortified by principles of logic. The courts seemed to think it necessary to apply the principle in order to prevent injustice, and declared that, as the lessee could not dispute his landlord's title, the same principle estopped him from denying the validity of the lease under which he held. We do not think this conclusion is either logical or necessary to prevent injustice. It is quite generally held that the entry and payment of rent under a void lease creates the relation of landlord and tenant, but that relation arises out of the occupation and irrespective of the lease. 35 Corp. Jur. 960, and cases there cited. This doctrine prevents the tenant from denying the relation of landlord and tenant and destroys the adverse character of his occupancy. This principle is sound, well supported by authority, and prevents the injustice which the courts, adopting the principle that one who enters under a

void lease is estopped from denying its validity, attempted to avoid by the application of the latter principle.

The case of *Vinz v. Beatty,* 61 Wis. 645, 21 N. W. 787, supports the proposition that the relation of landlord and tenant arises from the entry and occupation under a void lease. It is not necessary here to consider the nature of the tenancy thus resulting. It has been held to be a tenancy at will, a tenancy from month to month, and a tenancy from year to year. Probably it depends upon the peculiar circumstances of each case. Here, however, the rights of the parties do not in any manner depend upon the character of the tenancy. The lessee was in the possession and occupancy of the premises until the 7th day of December, when that relation was terminated by his moving off and the lessor moving on the premises. Plaintiff claims no rights except for the recovery of rent during the period of occupancy. To that he is entitled, although he cannot base his claim upon the written lease. His cause of action in that behalf rests upon implied contract for the reasonable value of the use of the premises during the period of occupancy. As the plaintiff has no rights under the written lease, the demurrer of the defendant *Pleshek* to the first and second causes of action should have been sustained.

As the contract or lease the performance of which was guaranteed by the defendant *Wanie* is void and creates no liability against the principal, *Pleshek,* it follows that the guaranty is also void, and that the complaint states no cause of action against the defendant *Wanie.* 20 Cyc. 1420. *Wanie* demurred to all three causes of action. His demurrer should have been sustained.

*By the Court.*—Order reversed, and cause remanded with instructions to sustain the several demurrers.