Beck Investment Company, Appellant, vs. Ganser and another, Respondents.

*March 7—April 3, 1951.*

*Herman A. Mosher* of Milwaukee, for the appellant.
*Francis W. Rausch* of Milwaukee, for the respondents.

HUGHES, J. Appellant contends that when the corporation served notice upon the Gansers that their lease would not be recognized and demanded that they pay $150 per month, such notice constituted a new offer of a month-to-month tenancy; and that by continuing in possession the Gansers accepted appellant's offer creating a new lease and thereby bound themselves to pay at the rate of $150 per month.

There was no attempt to prove fraud. The original contract was not void but voidable at the option of the corporation because entered into by Rose and John Beck on its behalf with Ganser as one of the other parties. There was proof

that the rental value of the premises on September 22, 1945, was $65 a month. While the appellant offered proof that Ganser executed leases for $150 on behalf of the corporation with other tenants of the store building, part of which was occupied by him, the implication of positive fraud disappeared upon proof on the trial that the portion occupied by Ganser was much smaller than the other two units and was reasonably worth $65 per month when the lease was executed.

This case presents the narrow question whether, when a tenant holds possession under a claimed lease, the landlord may compel payment of arbitrary rent simply by serving a demand, or whether the tenant's liability upon determination that no lease existed shall be limited to reasonable value of the property occupied.

Both reason and the authorities support the conclusion reached by the trial court.

The corporation made no attempt to evict the respondents, but sought only to recover rent based upon its new demand rather than that stipulated in the void lease.

"There are, of course, forceful reasons for refusing to hold a tenant bound by the terms of a notice of an increase in rent where his continuance in possession beyond the term is pursuant to a *bona fide* claim of right to possession, of which the landlord is informed, and which is inconsistent with actual assent to the terms of the notice." 32 Am. Jur., Landlord and Tenant, p. 800, sec. 950.

Where the lease was void because it affected a homestead, and the wife of the lessor did not join in the lease, the court said:

"Plaintiff claims no rights except for the recovery of rent during the period of occupancy. To that he is entitled, although he cannot base his claim upon the written lease. His cause of action in that behalf rests upon implied contract for the reasonable value of the use of the premises during the period of occupancy." *Hovie v. Pleshek* (1925), 187 Wis. 55, 59, 203 N. W. 910.

The trial court properly based the recovery allowed upon the proofs as to reasonable rental value of the property rather than upon the unsupported and arbitrary demand of appellant.

Appellant also contends that the court erred in allowing interest only on amounts in excess of the $65 per month tendered. We are of the opinion that the court's error in this respect favored the appellant because the damages were unliquidated.

"In the absence of any agreement to the contrary, a liquidated demand which is due bears interest, whether the claim is oral or written. On the other hand, although it is competent for the parties to agree to pay interest on an amount as yet unascertained, and to be liquidated in the future, the general rule, in the absence of agreement or statute to the contrary, is that interest is not recoverable on an unliquidated demand, and that, as to such a demand, interest is allowable only after it has become merged in a judgment or fixed by agreement or accord." 47 C. J. S., Interest, p. 28, sec. 19. See also 47 C. J. S., Interest, p. 30, sec. 19; *Marsh v. Fraser* (1875), 37 Wis. 149, 152.

Since no motion to review was made by respondents, the allowance of interest will not be disturbed.

*By the Court.*—Judgment affirmed.