HENSLE, Plaintiff, vs. CARTER, Defendant: LANGDON, Garnishee Defendant. [Two appeals.]

*June 5—July 3, 1953.*

For the plaintiff there were briefs and oral argument by *John T. Porter* of Madison, and *H. J. Cook* of Beloit.

For the defendants there were briefs by *Muriel Prazak* of Clinton, and *Geffs, Geffs, Block & Geffs* of Janesville, and oral argument by *Miss Prazak* and *Mr. Jacob Geffs*.

GEHL, J.   Notice of entry of judgment was served upon plaintiff's attorney on September 2, 1952. In the absence of an order enlarging the time, service of a proposed bill of exceptions is required within ninety days after service of notice of entry of judgment, sec. 270.47, Stats. By stipulation the time was extended to December 22, 1952. On February 6, 1953, upon notice, the court entered an order further extending the time to February 15, 1953.

The affidavit of plaintiff's counsel, filed in support of the motion for the order entered on February 6th, recites as the reason for requesting the extension the fact that because of the illness of the clerk of the court, who was also the official

reporter, and the congested condition of his office the transcript of the testimony was not then completed and available to plaintiff. The affidavit does not state the date upon which the transcript was ordered. The counteraffidavit of defendant's counsel recites, without denial, that the order for a transcript was not given until November 26, 1952, only a week before the time limited by the statute for serving a bill of exceptions, and that if the order had been given reasonably promptly the reporter in the usual course of his business could have furnished the transcript within approximately six weeks from the date it was ordered.

Sufficient cause for the enlargement order was not shown. The essential facts in this case are strikingly similar to those which appeared in *O'Hare v. Fink,* 254 Wis. 65, 35 N. W. (2d) 320. In that case, as here, the appellant relied in part upon the fact that the reporter had been unable to prepare the transcript in time for due service. He offered the additional fact that negotiations for settlement accounted for the delay in ordering the transcript which was not given within a reasonable time after notice of entry of judgment. The court held the facts insufficient to establish cause for an extension. The rule requires the same conclusion in this case.

We are, therefore, without a bill of exceptions and cannot review the findings. *Wiesmann v. Donald,* 125 Wis. 600, 104 N. W. 916. Since it is not contended that the findings do not support the judgment, as they obviously do, we must affirm.

We might add that we have examined the record and that, if we were permitted to consider whether the evidence supports the findings, we should be required to hold that they are not against the great weight and clear preponderance of the evidence as is claimed by plaintiff.

*By the Court.*—Order extending the time for settling bill of exceptions reversed. Judgment affirmed.