DE TORO, Appellant, v. DI-LA-CH, INC., and another, Respondents.

*April 13—May 10, 1966.*

[14] Id. page 685.

32

For the appellant there was a brief and oral argument by *Carl F. Schetter* of Milwaukee.

For the respondents there was a brief and oral argument by *Frank C. Lisheron, Jr.,* of Milwaukee.

FAIRCHILD, J. (1) *Interest.* The building was completed December 27, 1964. Plaintiff contends that $15,697.30 was then due, covering claims of subcontractors and the balance of his own claim for work and commission, and that interest accrued thereon until the respective payments were made. The last payment was the $4,713.32 disbursed pursuant to the order dated October 19th, and that order directed the clerk to hold the balance of the deposit "until after the computation of interest" and taxation of costs. Plaintiff brought his claim for interest on for hearing November 1, 1965. A memorandum decision denying the claim for interest was filed November 29, 1965.

*a. Interest on amounts paid to subcontractors.* Plaintiff concedes that he is not entitled to recover interest on these amounts except for the benefit of the subcontractors. The assertion is made in the memorandum decision that "the subcontractors have all accepted payment, without interest."

The record contains no transcript of reporter's notes at this or any other hearing. The decision adopts the summary of facts in defendants' brief, and the hearing may well have been informal. There is nothing to show whether plaintiff took issue with the facts asserted by defendants, nor whether he produced any proof that the subcontractors reserved their claim for interest when accepting payment.

Under the circumstances we consider that plaintiff is bound by the assertion of fact above quoted. It is the rule that where the record on appeal contains no transcript of reporter's notes (formerly bill of exceptions), this court cannot review the findings of the trial court [1] and our review will be limited to the question whether the pleadings, decision, findings, and conclusions sustain the judgment.[2]

---

[1] *Hensle v. Carter* (1953), 264 Wis. 537, 539, 59 N. W. (2d) 455.

[2] *Estate of Reynolds* (1964), 24 Wis. (2d) 370, 374, 129 N. W. (2d) 251.

There was no express contract for the recovery of interest, and in this case an allowance of interest is in the nature of damages for the delay in payment. The subcontractors have accepted payment of the amounts of their claims without any indication that they reserved their rights to collect interest. Although decisions on the right to recover interest after full payment of principal are not uniform, it seems clear that the right to interest is waived or extinguished upon receipt of payment under the circumstances present here.[3]

b. *Interest on the balance of plaintiff's claim.* The circuit court denied interest on the balance of plaintiff's claim on the ground that it was not readily liquidable, and was not liquidated until the award of the arbitrator, late in the course of the action.

"The general rule is that in the absence of agreement to the contrary, liquidated damages bear interest, whereas unliquidated damages do not. 47 C. J. S., Interest, p. 28, sec. 19a; *Beck Investment Co. v. Ganser* (1951), 259 Wis. 69, 72, 47 N. W. (2d) 490. In order to recover interest there must be a fixed and determinate amount which could have been tendered and interest thereby stopped; the amount of the claim must be known and determined, or readily determinable. 47 C. J. S., Interest, p. 30, sec. 19b. Ordinarily, where the amount of a demand is sufficiently certain to justify the allowance of interest thereon, the existence of a setoff, counterclaim, or cross-claim which is unliquidated will not prevent the recovery of interest on the balance of the demand found due from the time it became due. 47 C. J. S., Interest, p. 31, sec. 19b. See also Anno. 3 A. L. R. 809." [4]

Plaintiff's first complaint, served March 3, 1965, demanded $5,043.40. It does not appear how this amount was arrived at, and the total which was really due was substantially larger. An amended complaint was served

---

[3] See 30 Am. Jur., Interest, pp. 56–59, secs. 67, 70, 71, and 72.
[4] *Maslow Cooperage Corp. v. Weeks Pickle Co.* (1955), 270 Wis. 179, 192, 70 N. W. (2d) 577; see *Smith v. Atco Co.* (1959), 6 Wis. (2d) 371, 395, 94 N. W. (2d) 697.

March 25th, demanding $14,393.26. A bill of particulars was served May 17, 1965. It contained a detailed, itemized account covering plaintiff's concrete work and extras. The amount was the same as that later awarded by the arbitrator. It also showed the amount of commission claimed, and $1,676.08 as the balance due after crediting payments. This is the same amount ultimately allowed by the court, subject to a credit of $225 on defendants' counterclaim. The gross error in the first complaint raises a doubt as to the determinability of plaintiff's personal claim at that time and also as to whether there had been a sufficient demand for payment. The total amount demanded in the amended complaint was approximately correct, and the detailed character of the bill of particulars and the subsequent allowance in accordance with it established that plaintiff's personal claim was sufficiently liquidable. Accordingly plaintiff was entitled to interest at five percent on his claim of $1,676.08, reduced by the $225 credit, from May 17, 1965, to October 19th, the date of the order for disbursement. This will increase the judgment by $30.81.

It is true that defendants' money was on deposit in court during most of the period, but it was not available to plaintiff until October 19th. Although there is authority, relied on by the circuit court, that interest does not run while the amount of a disputed claim is on deposit in court, we consider it a better rule that

". . . except in the case of a stakeholder, one depositing money in court does not thereby stop the running of interest against him where such deposit is not a tender to plaintiff and does not entitle plaintiff to use the money." [5]

2. *Error in taxation of costs.* The court decided that the allowable costs amounted to $316.54, but reduced the allowance by $100 on the theory that $100 of defendants'

[5] 47 C. J. S., Interest, p. 66, sec. 54; *Dollar Investment Corp. v. Modern Market, Inc.* (Nev. 1961), 365 Pac. (2d) 1117.

money had been used to pay plaintiff's share of the arbitrator's fee. This was in error. Prior to October 19th, it had been determined that plaintiff was entitled to $4,713.32 exclusive of interest and costs. The judgment ultimately reflected this figure. So did the court's order of October 19th. That order, however, directed that $4,613.32 be paid to plaintiff's attorney and $100 to the arbitrator, as plaintiff's share of the fee. It is clear that this $100 was taken out of plaintiff's money and not out of defendants'. This amount should not have been offset against costs to which plaintiff was entitled, and the costs awarded by the judgment must be increased by $100.

3. *Allowance of a second $100 item under sec. 271.04 (1) (a), Stats.* Plaintiff's proposed bill of costs included his disbursements incurred in both the principal and garnishment actions, and two $100 items for "costs (exclusive of disbursements)" pursuant to sec. 271.04 (1), Stats. One $100 item was for the principal action and the other for the garnishment action. The court disallowed the second $100 item.

The pertinent statute, sec. 267.21, Stats. 1963,[6] provided:

"In case of a trial of an issue between the plaintiff and any garnishee the plaintiff shall recover costs against the garnishee if the plaintiff recover more than the garnishee admitted by his answer; and if he do not, the garnishee shall recover costs. In all other cases the court may award costs in favor of or against any party. When there is no issue and liability on the part of the garnishee is disclosed the costs of the garnishment proceedings shall be taxed for the plaintiff, if he recovers, in the principal action."

It is clear that the third sentence is applicable in this instance. There was no issue between plaintiff and

[6] Ch. 507, Laws of 1965, repealing and re-creating ch. 267 became effective January 1, 1966.

garnishee, liability on the part of the garnishee was disclosed, and plaintiff recovered.

It is clear that disbursements incurred in the garnishment action (suit tax, service fees, and clerk's fees) were properly included as disbursements in the bill of costs in the principal action. The problem is that sec. 271.04 (1), Stats., provides that when costs are allowed they shall include an item of "costs (exclusive of disbursements)," referred to in the title as "fees." The size of this item depends upon the amount recovered or value of the property involved. Plaintiff contends that under sec. 267.21, Stats. 1963, he is entitled to two items of "costs (exclusive of disbursements)," one computed for the principal action and one for the garnishment action.

On the face of it, there is something illogical about allowing two items labeled "costs (exclusive of disbursements)" in one action. It also seems unreasonable to allow the same amount of "costs (exclusive of disbursements)" for the garnishment action, where there has been no contest or issue of any kind, as in the contested principal action. We find some difficulty in the matter, but conclude that the learned circuit judge chose the better interpretation and correctly limited plaintiff to one $100 item of "costs (exclusive of disbursements)."

No issue has been raised here as to the form of the judgment. We note, however, that the record makes it clear that the $4,713.32 disbursed to or for the benefit of plaintiff pursuant to the order of October 19th is to be credited toward satisfaction of the judgment.

As already suggested, this matter seems to have been handled informally in the circuit court. This type of procedure is often sensible and practical, but the resulting record is often unsatisfactory for appellate review. We have made corrections totaling $130.81, but it seems very probable that a letter to court and counsel would have sufficed to obtain a correction of $100 thereof. Although plaintiff is entitled to these modifications, neither

the amount involved nor any apparent matter of principle really justifies the burden imposed on counsel and this court by this appeal. We accordingly deny costs in this court.

*By the Court.*—The amount in paragraph 1 of the judgment is increased to $4,744.13, and the amount of costs in paragraph 2 to $316.54. As so modified, the judgment is affirmed. No costs allowed in this court.