Town of Arlington *vs.* HINDS.

H. executed his note of the following tenor:

"*Arlington, September* 27, 1808.

"For value received I promise to pay Luther Stone, Town Treasurer, or his successors in office, eighty-four dollars twenty-seven cents."—Held that the town of Arlington could maintain an action on the note against H.

THIS was an action of *assumpsit* on a note of hand. Plea, the general issue, which was joined to the Court, by agreement of parties. The evidence given by the plaintiff on the trial, was not objected to by the counsel for the defendant, it having been agreed that the same objections to the evidence might be urged upon the argument, as would have been proper upon the trial. The note declared upon was read in evidence, of the following tenor:—" Arlington, September 27, 1808. For value received I promise to pay Luther Stone, Town Treasurer, or his successors in office, eighty-four dollars twenty-seven cents."

Luther Stone was produced as a witness on the part of the plaintiff, who testified, that Hinds signed the note, and that he lived in Arlington at that time.—That the tenor of the note was the same as had been usually given under the direction of the Selectmen and Trustees of Schools for monies due the town.—That the note was given for rents due the town of Arlington upon school lands occupied by J. Austin.—That Austin resided in Arlington at the time the note was given, and for two years before.—That Hinds wrote and signed the note and Austin witnessed it, and that Austin now resides in the State of New-York. It was shown by the records of the town of Arlington that Luther Stone was Town Treasurer from the year 1789 for thirty-two years in succession.

*Smith* for the plaintiff. An agent having no interest in the performance of a contract, cannot support an action on such contract in his own name, but the action must be in the name of the principal. 1 Chit. Pl. 5, 24. 3 Bos. & Pul. 147, Piggot *v.* Thompson. 13 John. 38. 15 John. 1, Rathbone *v.* Budling. 13 John. 60, Randall *v.* Van Vechten. 10 Mass. 360. 5 Mass. 491, Gilmore *v*, Pope. 9 Mass. 335, Mann *v.* Chandler. 2 Con. 680, Hovey *v.* McGill. 1 Cranch 345, Hodgson *v.* Dexter. Bray. 230, Hinds *v.* Stone.

Bennington
[July,
1824.

Town of
Arlington
vs.
Hinds.

The note was made and bears date at Arlington ; the maker must, therefore, have intended the Town Treasurer of that town. 2 Bl. Com. 379.

In construing a contract, the Court may look at the situation of the parties. Pow. on Con. 376, 385. Chit. Ev. 417. 3 Coke 79 B. (n. 44.) 1 Cranch 345. 3 Mass. 77.

Corporations in their contracts may have a name different from that of their incorporation ; and the identity of a corporation thus acting under a different name, may be shewn by parol testimony. 1 Bac. 501—2—3. 1 Com. Law Rep. 455, Croyden Hospital v. Farley. 7 Mass. 441, Minott v. Curtis. 10 Mass. 360.

A Town Treasurer has authority as such to take notes for debts due to the town, and especially where he has been permitted so to do, for a long course of time. 1 Stat. 408. 2 Con. 252, Buckley v. Derby Fishing Company.

Every person is supposed to assent to that which is for his benefit, and therefore the assent of the town to the note in question may be presumed. Pow. on Con. 138—9. 3 East 274. 4 Day 159, 349.

That there may be an implied assent on the part of a corporation is well settled. 7 Cranch 299, Bank of Columbia v. Patterson's administrators. 12 John. 227, Danforth v. Schoharie and Duane's Turn. Co. 14 John. 118, Dun v. St. Andrews Church.

The note in question is payable to a known officer of the town ; it is, therefore, of no consequence, who took the note or how taken.

A contract may be declared on according to its legal effect ; therefore, the note in this case is declared on and the suit properly bro't in the name of the town. 1 Chit. 299, 302. 1 Sel. N. P. 117. Cowp. 437, Martin v. Hind. 1 Chit. on Bills, 530 note 1—532 note 10.

Thus we have shown, that the note, in point of fact was given for a debt due to the plaintiff, the town of Arlington, and that it was made payable to the Town Treasurer of Arlington, and that in point of law the present action on the note is properly brought in the name of the town, and that consequently the plaintiff is entitled to a judgment.

*Bennet* for the defendant. It is contended that the town of Ar-

*Bennington*
*July,*
*1824.*

Town of
Arlington
*vs.*
Hinds.

lington is not entitled to recover on the note in question. It is not apparent from the face of the note that the consideration moved from the town of Arlington, and no parol evidence is admissible to prove that fact. 11 Mass. 27, 54. 2 Cranch 808. It does not aid the plaintiff on this point that the note purports to have been executed at Arlington. The place where made is transitory, and the place where dated is immaterial. It is no part of the contract; one place may be alleged and another proved, and it is no variance. Laws Pl. 248. How then can the fact, where dated, be drawn in to affect the legal operation of the note? For aught that appears from the note, Luther Stone might as probably have been Town Treasurer of any other town. No inference is to be drawn from the fact where dated; much less from the residence of the parties. If a note had been given at Arlington to Joseph Burr, Town Treasurer, when in fact Town Treasurer of the town of Manchester, could this prove him entitled to the note as Town Treasurer of the town of Arlington, or vest the interest of the note in that town?

Again, if in fact it appeared by the note or by parol, that the consideration moved from the town, it could not give the town the action. The rule is, that the legal interest in bonds, bills of exchange, and promissory notes, resides in the person to whom their contents are made payable, without reference to the person from whom the consideration moves. Ham. P. A. 11, 33, 313—14. 10 Modern 286. 2 Cranch 302, 308.

In the present case, the note being made payable to Luther Stone, Town Treasurer, or his successors, the action should have been brought by Stone. The addition of Town Treasurer is mere *descriptio personæ.* 6 East 110. 8 Mass. 103. 9 John. 335. 1 Wash. 199.

Stone can only be regarded in the light of a Trustee of the town; and had the trust appeared on the note, by its being made payable to Luther Stone and for the use of the town, Stone alone could have the action. Carthu 5. 2 Str. 555. 4 Mass. 263.

If the legal interest in this note is in Luther Stone, he alone can bring the action. The right of bringing the action cannot reside in Stone and the town at one and the same time. The one or the other has the whole legal interest. The case is not analogous to the cases in the books, where principal or agent may sue at their option.

55

Bennington
July,
1824

Town of
Arlington
vs
Hinds.

Besides, bills and notes form an exception; the person appearing on them, as interested, *must sue although only an agent.* Ham. P. A. 316.

As stated by the plaintiff's counsel, as a general rule, it is admitted, that a mere agent cannot in his own name support an action on a contract made by him as agent. The legal interest in such contract is in the principal, from whom the consideration moves. The consideration draws with it the legal interest. But this rule only extends to simple agreements—to such cases only where it is necessary in the declaration to set out the consideration, and prove it as alleged. Bills of exchange, promissory notes, bonds, &c. import *per se* a consideration—none need be alleged or proved. Hence, in such cases, the legal interest is in such persons as appear on the face of the instrument to have the interest.

Upon the question whether the note was attetsed by a witness, it appears that Jeremiah Austin the pretended witness, was at the time of the attestation an inhabitant of the town of Arlington, and that the note in question *was given for* a debt due from Austin to the town. If the witness was at the time incompetent, it is as if there had been no witness, and no matter *ex post facto* can render the attestation operative. Austin was incompent upon two grounds :

1st. Upon the ground that he was an inhabitant of the town at the time of the attestation, a member of the corporation now suing : as such he had a common interest in all debts due the corporation, and especially in the school funds for which this note was given.

2dly. Upon the ground that this note was given for a debt due from Austin to the town, and so interested to have this note collected of Hinds; for should the note prove unproductive it would revive the debt in favour of the town against him. There is no pretence that there was an agreement that the note of Hinds should be received as payment, and the town run the risque of collecting it. To have discharged Austin, there must have been such express agreement. 7 T. R. 64. 5 John. 68. Though Austin might in that event have a claim against Hinds, the note having been given by Hinds in consequence of his being indebted to Austin, yet that would not balance Austin's interest. If a witness, by the event of a suit, may be laid under a legal obligation to pay a sum of money, though he may have a right to recover back the same sum from a

third person he cannot testify, his interest is not balanced—this is *Bennington* the case of bail for the prosecution of a suit. 2 Day 399.

SKINNER, Ch. J. delivered the opinion of the Court. The plaintiff's right to recover is resisted on the ground that 'the town is not a party to the contract, and cannot maintain the action; and also, that the statute of limitations constitutes a bar.

We learn from the records of this Court, that an action has been heretofore brought upon the note here given in evidence by Luther Stone, as Treasurer of the town of Arlington, in which judgment was rendered for the defendant, upon the principle that no right of action thereon accrued to him in his official character. It also appears by the records that after that decision, Luther Stone, in his private capacity, instituted a suit upon the same note, in which he failed on the ground that from the face of the note it appeared that he was not the party in interest. The counsel for the defendant now contends, that the last decision, which was in his favour, was incorrect, and not warranted by authority. If it were proper to question this decision in a case where the same point was presented, it cannot be necessary here; for it does not follow of course, that, because an action may be sustained by one, all others are precluded. There are many cases of principal and agent, bailor and bailee, &c. in which the right is in either.

The question is, can the action be sustained by the present plaintiff? Whether he, for whose benefit a contract is made by another, shall be entitled to recover on it or not, is a question which has long been agitated in the Courts. In some of the cases, where it has been held the action cannot be maintained, the reason assigned is, that the *promise* is made to another; but in most of the cases it is, because he is a stranger to the *consideration*. On examining the cases it will be found to have been decided, that where the promise is made to him from whom the consideration moves, for the benefit of another, *the action cannot be sustained by the latter*. There are also authorities of great weight, that maintain the right of the latter to sue upon such contract. Many of the authorities show, that an action can be maintained by the former; and some, that the action may be sustained by either. There are cases, in which it has been decided the former cannot sue.—Cases also are to be found, in which the promise is made direct to the latter, and still he is not

*Bennington
July,
1824.*

Town of
Arlington
*vs.*
Hinds.

permitted to bring the action. The fair conclusion from all the cases is not, that the right to maintain the action, by him from whom the consideration moved, is not supported by the current of authority ; but the right to maintain the action by him, for whose benefit the contract is made, the consideration moving from another, may be considered doubtful, especially where the promise is not made direct to him.   The principle seems to be, that as a consideration is necessary to the validity of all simple contracts, it becomes material, in deciding to whom the right of action belongs, to inquire from whom the consideration proceeded.     Str. 592.     11 Mod. 241. Cro. E. 380.    Hard. 321.    Keb. 44, 64, 122.    Cowp. 437.    As we view this case, the question whether the action shall be sustained by the person only from whom the consideration moves, or by the person for whose benefit the promise is made, *is of no importance* ; for, whichever way that question be decided, it will be equally favourable to the plaintiff's right to recover—the consideration having proceeded from, and the promise made for the benefit of the Plaintiff.*

It is said that the consideration here is out of sight, and that it cannot be inquired into.   This position is hardly warranted by authority.   We have no law subjecting notes to the rules of the law merchant.    By statute in England, and in some of the United States, promissory notes are placed upon the footing of bills of exchange, which import a consideration.   They are here considered as they were in England before the Statute of Ann, simple contracts, and are subject to all the rules of the common law applicable to such contracts ; their consideration may be inquired into, though the burden of proof is on the defendant, that *is*, he must show the want of consideration if the note express value received.†  To inquire from whom the consideration moved is not strictly to impeach it.   In this Court, when an action was pending upon this very note, brought by Luther Stone, it was decided, that he was a stranger to the consideration, evidenced from the *face* of the note, and that he was not entitled to recover.

This has been very properly considered, by the counsel for the plaintiff, as the case of a contract with an *agent*.   To oppose this

---

* See the case Whitelaw Treasurer *v.* Cahoon.—ante 295.

† See the case Brooks *v.* Page.—ante 340, 344.

it is said that the contract is a perfect one on the face of it, and cannot be enlarged or diminished; that it does not appear from the note, that the consideration moved from the town of Arlington; that the legal interest of specialties, bills of exchange and promissory notes, is in the person appearing on the face of them.

The principle contended for as to deeds and merchantile instruments is just. That this note is not of that description has already been attempted to be shown. If the position were correct, that no written contract, which upon the face of it is perfect, and in which nothing is expressed from which it may be inferred that any other than those whose names appear therein are interested, in other words, the name of the principal is concealed, can be enlarged, &c. it cannot be applied here; for no one can entertain a doubt, on reading this instrument, that Luther Stone has no interest in the contract, that he acted as agent for the town, and that the interest was in the town. The promise is to pay "Luther Stone, *Town Treasurer, or his successors in office.*" It would be unnatural and strange indeed, that Luther Stone from his private effects should be making provision, in case of his death or removal from office, for his successor. The case then is one in which the principal is not concealed, or rather the agency is manifested; and in such case, the principle insisted on by the plaintiff's counsel, that the agent cannot sue, is fairly drawn from the cases cited of Pigott *v.* Thompson, 3 Bos. & Pul. 147, Bowen *v.* Morris, 2 Taunt 374, and several others. Where a contract is made with an agent and the principal named, no one ever doubted the right of the latter to maintain the action. But it is said, that although it does appear that Luther Stone was not personally interested, but was acting as agent, yet it does not appear from the note who was his principal, that is, of what particular town he was Treasurer; and that this cannot be supplied by parol testimony. Assuming then that Luther Stone was agent—that the interest in the contract is the interest of his principal, and for which he might sue if named, the correct reading of the note is this: "I Adin Hinds, in the town of Arlington, this 27th day of April, 1808, promise for value received to pay the town eighty-four dollars twenty-seven cents." The fair and legal inference must be, that the town named in the instrument as the place where the contract is made, is the town to whom the promise is

*Bennington
July,
1824.*

Town of
Arlington
*vs.*
Hinds.

*Bennington July, 1824*

*Town of Arlington vs. Hinds.*

made. But, if this is uncertain, the ambiguity, we consider, may be explained by testimony *aliunde*.

The defendant further relies upon the statute of limitations. The statute provides, that actions upon promissory notes attested by one or more witnesses, shall be commenced within fourteen years, &c. on notes unattested within six years. It is true, this note was executed before the passing of the act, authorizing citizens of towns to testify in cases in which the town may be interested ; and is attested by J. Austin, who then resided in Arlington. But, as there is no proof that he was a rated inhabitant, or had any interest, unless it arose from bare residence, the question as to the effect of the attestation of an interested witness does not require examination.

Judgment must therefore be for the plaintiff.