WINDSOR,
*February,*
1841.

Chase & Grew
*v.*
Burnham &
Dow.

---

### CHASE & GREW *v.* BURNHAM & DOW.

The indorsee of a negotiable note may recover the amount of such note, in an action against the maker, upon the general counts for money had and received, and the rule applies where the indorsee holds the note, in trust, for the purpose of collection only.

THIS was an action of *indebitatus assumpsit* on the common counts only, for money, and was tried on the general issue.

On the trial in the county court, the plaintiffs gave in evidence a note, made directly to themselves, as to which no question was made. They also gave in evidence a note drawn by the defendants, in favor of Porter, Denny & Co., payable to them or their order, and by the latter indorsed to the plaintiffs, and rested their case.

The defendants gave evidence tending to prove that the plaintiffs never paid money, nor any other consideration, for said indorsed note, but received it merely to collect and account for whatever of its proceeds they might obtain in this suit; and the defendants insisted, and requested the court to charge, that if the jury should so find, then they should not return a verdict for the plaintiffs on the note last mentioned.

WINDSOR,
February.
1841.

Chase & Grew
v.
Burnham &
Dow.

The court omitted to so charge, and the jury returned a verdict for the plaintiffs to recover the amount of both notes.

To the omission of the court to charge as requested, the defendants excepted.

*C. Coolidge*, for defendants.

The question in this case is, whether a mere agent, who has neither paid, nor become bound to pay, any value for a promissory note indorsed to him, but takes it to collect, can, by force of the indorsement, maintain an action against the maker upon the money counts only. The declaration contains no count upon the note.

The general current of English authorities goes to confine the remedy on the money counts to the original parties. A few of them are cited. *Johnson* v. *Collings*, 1 East, 98. *Barlow* v. *Bishop*, Id. 434. *Houle* v. *Baxter*, 3 Id. 177. *Whitwell* v. *Bennett*, 3 B. & P. 559. *Waynam* v. *Bend*, 1 Camp. 175. *Exon* v. *Russell*, 4 M. & S. 507. *Dimsdale* v. *Lanchester*, 4 Esp. Ca. 201. *Gibson* v. *Minet*, 1 H. B. 602.

At common law, the bearer of a note payable to J. S. or bearer, could not bring an action in his own name. *Nicholson* v. *Sedgwick*, 3 Salk. 67. 1 Ld. Raym. 180; a difficulty, says Starkie, that could not have arisen if he could have sustained the common counts.

An action on the common money counts cannot be supported against the maker of a note who signed it as surety ; *Wells* v. *Girling*, 3 Moore, 79 ; S. C. 8 Taunton, 737, for no money passes.

The weight of American authorities, partially supported by a few late English cases, is in favor of extending the remedy by the money counts to other than the original and immediate parties to the bill or note ; and the New York cases go the length of permitting the indorser of a note to recover on those counts, on the production of the note, without declaring on it. But this, according to all the cases both in England and this country, proceeds on the ground that the indorsement is *prima facie* evidence. The only title to sue in his own name, which the indorsee has, comes by the indorsement. Still, the indorsement is but evidence, and the presumption afforded by the writing may be rebutted by proof

that no money was paid, lent, or had and received. The case of *Pierce* v. *Crafts*, 12 Johns. 90, determines that the indorsee may recover on the money counts against the maker. So, too, it has been decided, *Lovell* v. *Evertson*, 11 Johns. R. 52, where the indorsee counted on the note, that he might recover on that count, although he paid nothing for the paper. It was said he might recover as trustee for the owner. And this is, as before observed, because he entitles himself by the indorsement and through the instrument itself. His title is by that limited. But there cannot be found, in all the books, a single case where the indorsee has sustained his action on the money counts, when it appeared he had not paid, nor become bound to pay, any value for the paper, but was a mere agent, and had no pecuniary interest whatever in it. In such a case, the claim set up is a pure fiction; and the plaintiff might as well be allowed to recover in his own name, in this form of action, for any demand committed to him for collection which, as between the original parties, could be supported under the common counts.

According to this view of the question, it is, upon the facts of the case at bar, immaterial whether the declaration does or does not contain a count on the instrument, if it be offered as evidence to the common counts only, for the plaintiffs have neither a legal nor equitable ground of recovery. Chitty on Bills, 597.

*O. P. Chandler*, for plaintiffs.

The question in this case arises upon the plaintiffs' right of recovery under the general counts, upon the note indorsed to the plaintiffs for collection.

The note itself imports that the defendants have received money to pay to the payee, or to whom the payee shall designate to receive it.

By the statute of Anne, making promissory notes negotiable, the legal effect of the transfer is that the money thereby became due from the maker to the *holder*, and this establishes a privity of contract between the maker and the holder. It follows that whenever a holder of a promissory note has such an interest therein that he may recover, declaring upon the note itself as indorsee, he may likewise recover upon the general counts. *Tatlock* v. *Harris*, 3 Term R. 174. *Ea-*

*Margin note:* Windsor, February, 1841. Chase & Grew *v.* Burnham & Dow.

**450**

WINDSOR,
*February,*
1841
———
Chase & Grew
*v.*
Burnham &
Dow.

*gle Bank* v. *Smith,* 5 Conn. R. 71. *Cole* v. *Cushing,* 8 Pick. R. 48. *Ellsworth* v. *Brewer,* 11 Id. 316. *Pierce* v. *Cratfs,* 12 Johns. R. 90. *Willmarth* v. *Crawford,* 10 Wend. R. 341.

The plaintiffs are equally entitled to recover, although they hold the note in trust for the purpose of collection. By the indorsement, the payees of the note ordered the contents to be paid to the plaintiffs. The defendants thereby, by the terms of the contract, became liable to pay to plaintiffs. It is a legal transfer, and the defendants may not inquire into the consideration of the transfer, unless the plaintiffs hold it *mala fide. Smith* v. *Kendall,* 1 Term R. 123. *Lovell* v. *Everston,* 11 Johns. R. 51. *Dean* v. *Hewitt,* 5 Wend. R. 257. *Muran* v. *Lamb,* 7 Cowen, 174. *Brigham* v. *Marean,* 7 Pick. 40. *Fairfield* v. *Adams,* 16 Id. 381. *Snow* v. *Conant,* 8 Vt. R. 301.

The same title to and interest in the note, which will enable the plaintiffs to recover in a suit specially declaring as indorsee, will enable him to recover under the general counts. For, in such case, the plaintiff, by the indorsement, becomes the legal holder of the note, and entitled to the payment. The defendants have money in their hands which the plaintiffs are, by law, entitled to recover, which is a sufficient foundation for this action.

The opinion of the court was delivered by

BENNETT, J.—This case presents the simple question, whether the indorsee of a negotiable note can recover against the maker on the common money counts, in a case where the indorsee is not the owner of the demand, but holds it simply for the purpose of collection, as the agent or trustee of the payee. It is too well settled, to be at this time questioned, that the payee can maintain an action against the maker of the note for moneys had and received. The note furnishes evidence that the maker has received from the payee a sum of money, which he promises to repay.

Though it has been sometimes questioned whether the same principle applies to an action by the indorsee against the maker, yet, I conceive there is no sufficient reason why it should not. In *Dinsdale* v. *Lanchester,* 4 Esp. R. 201, it was expressly determined that the indorsee might maintain

WINDSOR,
*February,*
1841.

Chase&Grew
*v.*
Burnham &
Dow.

an action for money had and received. In *Tatlock* v. *Harris*, 3 Term R. 174, the indorsee of a bill of exchange recovered against the acceptor under the money counts. Lord Kenyon uses this language ; " We consider it an agreement between all the parties to appropriate so much property to be carried to the account of the holder of the bill." In *Grant* v. *Vaughn,* 3 Burr. 1516, it was held that the bearer of a bill of exchange might recover against the drawer upon the general counts. By the statute of Anne, promissory notes payable to order or bearer, are put on the same ground as inland bills of exchange, and are made in like manner negotiable. By our statute they are also negotiable, and, when negotiated, the indorsee is invested with the right of action. The promise is to pay the money to the payee named in the note, or to such person as he shall appoint. As soon as the note is negotiated, the privity of contract attaches between the new parties, and the maker holds the money to the use of the indorsee.

It is well settled, in many of our sister states, that the action may well be sustained by the indorsee against the maker of a note, and a recovery had on the money counts. *Wilde* v. *Fisher,* 4 Pick, 421. *Cole* v. *Cushing,* 8 Id. 48. *Ellsworth* v. *Brewer,* 11 Id. 316. *Ramsdell* v. *Soule,* 12 Id. 126. *Eagle Bank* v. *Smith,* 5 Conn. 71. *Pierce* v. *Crafts,* 12 Johns. 90. *Denn* v. *Flack et. al.* 3 Gill & Johns. 369. See also Bayley on Bills, 287, and *Master* v. *Miller,* 4 Term. R. 339. It true, in the case of *Waynam* v. *Bend,* 1 Camp. R. 175, and in *Bentley et al.* v. *Northhouse,* 2 Ryan & Mo. R. 66, a different doctrine is held ; but I think the opinion expressed in those cases is opposed to principle and contradicts the current of decisions on this point. It is said, however, that, let this principle be as it may, as applicable to a case where the indorsee is the holder for a valuable consideration, yet, it ought not to be extended to a case like the one at bar. It is well settled that the indorsee of a note, though only indorsed for the purpose of collection, may maintain an action on the note in his own name. It is not for the maker to inquire into the consideration for the indorsement, and it is no objection that the indorsee sues as the trustee of the payee. The maker has promised to pay to the payee or to such person as he shall appoint to receive

the money. It is difficult to see how this objection can apply with more force to the present case than when the indorsee declares upon the note in a special count. The evidence shows the indorsee to have the legal interest in the note, and though he recovers the money in trust for the payee, still, in legal contemplation, the maker has in his hands money to the use of him who has the legal interest, and it is of no possible consequence to the maker whether the indorsee recovers for his own use, or in trust for the payee. There is, we think, no error in the omission of the county count to instruct the jury as requested, and the judgment of that court is affirmed.