MATTHEW JOHNSON v. HENRY W. CATLIN.

*Action upon a bill of exchange or promissory note in the name of a mere agent. General counts.*

In cases of bills of exchange and promissory notes, a promise to an agent, naming him and not his principal, but with the word "agent" or "cashier" added to his name, is a promise to the agent, as an individual, and the addition is simply descriptive of the person.

And where the agent or cashier is the payee of the bill or note, which is accepted or given for value, he may, in an action in his own name against the acceptor or maker, recover upon the money counts.

ASSUMPSIT. The declaration contained only the general money counts, under which the plaintiff claimed to recover the amount due on a bill of exchange, drawn at Toledo, Ohio, April 21st, 1854, by W. S. Johnson & Co., upon the defendant, payable "to the order of M. Johnson, Cashier," and accepted by the defendant.

Upon the trial, at the November Term, 1854, it was agreed that said bill was accepted by the defendant in payment of a debt due by him to the drawers, and that it was, before its maturity. dis-

.counted for the benefit of the drawers by the Bank of Toledo, of which bank, the plaintiff (the payee) was the cashier.

Upon these facts, the county court rendered judgment for the plaintiff to recover the amount due on said bill. Exceptions by the defendant.

*Phelps & Chittenden* for the defendant.

I. The bill is not admissible under the declaration, which contains the money counts only, in a suit in favor of the payee against the acceptor. On this point, the authorities are uniform. Chitty on Bills, 581 *et seq.* *Eales* v. *Dicker,* Moody & Mal. 324. *Wharton* v. *Walker,* 4 Barn. & Cres. 163. *Barlow* v. *Bishop,* 1 East. 432, 435. *Waynam* v. *Bend,* 1 Camp, 175.

II. If it is *prima facie* evidence, under any of the general counts, the facts agreed show, 1st. That the defendant never received any of the plaintiff's money. 2nd. That the plaintiff had paid out no money at the defendant's request; and it is not pretended that the count for money lent is applicable.

These facts effectually preclude a recovery. *Page* v. *Bank of Alexandria,* 7 Wheat. 35. *Balcom* v. *Woodruff,* 7 Barb. 13. *Olcott* v. *Rathbone,* 5 Wend. 490. *Burnap* v. *Partridge,* 3 Vt. 390. *Whitwell* v. *Bennett,* 3 B. & P. 559.

III. This action is not founded upon the bill, but upon the original consideration which moved from the bank and not from the plaintiff Johnson, who was in no way a party to it. If a recovery may be had on the money counts at all, it should be in the name of the bank. *Bank U. S.* v. *Lyman & Marsh,* 20 Vt. 677.

*W. W. Peck & E. Harvey* for the plaintiff.

The legal title is in the plaintiff. By the general commercial law a suit lies in his name only, the word "cashier" annexed to his name being only matter of description. The plaintiff alone appearing as payee, he only can sue. *U. S. Bank* v. *Lyman, et al,* 20 Vt. 677. *Beckham* v. *Drake et al,* 9 M & W. 78. *Drake et al* v. *Beckham,* 11 M. & W. 315. *Evans* v. *Cramlington,* 5 Carth. *Fenn* v. *Harrison,* 3 Term 757. *Siffkin* v. *Walker,* 2 Camp. 308. *Emly* v. *Lye et al,* 15 East. 7. *Van Ness* v. *Forrest,* 8 Cranch 30. *Fairfield* v. *Adams.* 16 Pick. 381. *Commercial Bank* v. *French,* 21 Pick. 486. *Fisher* v. *Ellis,* 3 Pick. 322.

In this state the commercial law has been carried to this extent: that if negotiable paper disclose the principal upon its face, it must be sued in his name, if not, but is payable to one described as agent, it may be sued in the name of either the principal or agent. *Whitelaw* v. *Cahoon*, 1 D. Chip. 295. *Arlington* v. *Hinds*, 1 D. Chip. 431. *Binney & Broadhead* v. *Plumley*, 5 Vt. 500. *F. & M. Bank* v. *Day*, 13 Vt. 36. *Bank of Manchester* v. *Slason*, 13 Vt. 334. *Vt. C. R. Co.* v. *Clayes*, 21 Vt. 30. *R. & B. R. Co.* v. *Cole*, 24 Vt. 33.

Negotiable paper has always been evidence under the money counts in suits between the immediate parties to it, and now it is between remote parties. *Chase & Grew* v. *Burnham & Dow*, 13 Vt. 447. *Sandford* v. *Norton*, 14 Vt. 228. *Ellsworth* v. *Brewer*, 11 Pick. 316.

The opinion of the court was delivered by

BENNETT, J. The counsel for the defendant claim, that this action cannot be maintained on this bill of exchange in the name of the cashier, but that the action should have been in the name of the Bank of Toledo. This bill is payable to Matthew Johnson, Cashier, and it is said that, as the courts of this state have held that such a note or bill, is a promise to the bank from whom the consideration moved, and may be sued in their name, it should follow that Johnson cannot have the action in his own name, and that it is absurd to hold that either the cashier or the bank may bring the suit at pleasure.

At somewhat of an early day, in the case of the *Town of Arlington* v. *Hinds*, 1 D. Chip. 431, it was held that where the note was given to Luther Stone, town treasurer, or his successors in office, the action might be maintained on it in the name of the town of Arlington; and, in that case, the position was advanced by the judge who gave the opinion of the court, that, though the action might be maintained in the name of the town, yet it would not follow but what Stone might also have the action in his own name. The principles of that case have been followed in several subsequent cases. The case in Chipman arose under somewhat peculiar circumstances, and the court must have been pressed with the necessity of sustaining that action to prevent a failure of justice in

that particular case, and the court found it necessary to assume that the *law merchant* was not adopted in this state, in order to avoid the effect of the position that, upon commercial paper, the person who appears upon the face of the paper to have the legal interest must sue; and that you cannot resort to matter *aliunde* the note to determine who may sue upon it. But it has long been settled in this state, that the law merchant was a part of our law, so that it now appears that the very ground upon which the case of *Arlington* v. *Hinds* was based, has been long since swept away. If the principles which are applicable to the case of principal and agent could have been rightly applied to the case of *Arlington* v. *Hinds*, it might have been sound. In such case it is familiar law, that the action may be brought in the name of the principal from whom the consideration moves, or in the name of the agent with whom the contract was ostensibly made. Though this court have been repeatedly called upon to repudiate the case of *Arlington* v. *Hinds*, as being a departure from the principles of the law merchant, they have hitherto declined; and subsequent decisions have been made upon the authority of that case, which would seem to be opposed to the current of the cases, which have been decided upon the principles of the *commercial law*. It may be a matter of some importance that there should be a uniformity of decision on *commercial questions* in the different states, and how long our courts will adhere to the authority of the case of *Arlington* v. *Hinds* for the sake of preserving *uniformity* in our own decisions, though it mars the *symmetry* of the commercial law, must depend upon the subsequent adjudications of this court. There may be a difficulty as the counsel argue, upon the principles of the commercial law, in holding that either the cashier or the bank can maintain an action on this bill, at their own election. But let that be as it may, we think it is clear that this action is well brought. The cases are numerous, where it has been held in cases of promissory notes and bills of exchange, that a promise to the agent, naming him, and not his *principal*, although the word *agent,* or *cashier,* be added to his name, is a promise to the agent, as an individual, and the *addition* is simply descriptive of the person.

But it is claimed, that if the action can be maintained on the paper by the cashier, still he cannot recover upon the money

counts. If this bill of exchange had been payable to the bank of Toledo, by whom it was discounted, and the action brought by the bank, it would seem there would be very little ground to raise a question in regard to the plaintiff's right to recover upon the money counts. It was settled upon a review of the cases, as well as the principles, in *Chase & Grew* v. *Burnham & Dow*, 13 Vt. 447, that the endorsee of a negotiable note may recover the amount of such note in an action against the maker upon the general counts for money had and received. That the payee of a note can recover upon the general money counts in a suit against the maker, is conceded by all the authorities. In the case at bar, the defendant was the acceptor of the bill, and stands in the place of the maker of a note, and the action is by the cashier of the bank, who was the payee of the bill. This, then, is the case where the action is between the original parties to the bill. The facts agreed in this case show that the acceptor was indebted to the drawers in the amount of this bill, and they draw upon him for the amount directing him to pay the same to the plaintiff, cashier, or his order, and the draft is accepted in payment of this indebtedness, and the bank discounts it for the benefit of the drawers. If it had turned out that Catlin was but an accommodation endorser, the case would have been in principle like the case of *Page's Administrator's* v. *Bank of Alexandria*, 7 Wheat. 35, and other cases cited. Here is, then, no pretence but what Catlin had received the value for this acceptance of the drawers, and had agreed to pay it to the plaintiff's order.

It is said the draft was discounted by the Toledo Bank, and that as the cashier holds it in trust simply for the bank, he cannot recover upon the money counts. But that is nothing to the defendant. In the case of *Chase & Grew* v. *Burnham et al.*, 13 Vt. 447, the note was endorsed in trust for collection, and yet it was held the endorsees might go upon the money counts. The trust was a matter which simply concerned the parties to it, not the maker of the note, who had agreed to pay it to the payee, or *his order*.

Judgment affirmed.