## CHARLES BRIGHAM *v.* HUTCHINS & BUCHANAN.

*Promissory note recoverable under the money counts. Practice. Statute of limitations.*

The endorsee of a negotiable promissory note may recover against the maker under the general money counts.

If the defendants are allowed, upon a plea in offset, the amount due upon a negotiable promissory note, given by the plaintiff to a third person, and by him endorsed to the defendants, it will be presumed that notice of the transfer before the commencement of the suit was proved, or the proof thereof waived, unless it appear, from the exceptions, that it was a matter in dispute, and that there was some error in the ruling of the county court respecting it.

An admission, by the maker of a promissory note, that the amount of it is to be deducted from the amount of a larger claim, which he has against the holder, will avoid the effect of the statute of limitations.

BOOK ACCOUNT in which a balance was reported and recovered in favor of the plaintiff. PLEA IN OFFSET, declaring in assumpsit for, money had and received, and for money paid; to which the plaintiff plead, 1st, the general issue; 2d, the statute of limita-

tions,—to which the defendants replied a new promise; trial by the court, June Term, 1854,—COLLAMER, J., presiding,

The defendants read, in evidence, a joint and several note, for six hundred and sixty dollars and thirteen cents, signed by the plaintiff and James Allen, dated October, 12, 1843, payable in ninety days from date, with interest, to Moses Southard or order, and by him endorsed,—the making and endorsement of which was admitted. They then read, in evidence, the answer of the plaintiff, in a suit in chancery, in which the defendant Hutchins was complainant, and the plaintiff Brigham was defendant. Said answer was filed August 9, 1851, and in that answer, among other things, the said Brigham stated, "that the said Samuel Hutchins is now, "and was at the time of the procurement by him of the said notes, "from the said Isabella, indebted to this defendant, in a large sum "of money, to wit., the sum of fourteen hundred and twenty-two "dollars and fifty cents, received by the said Hutchins, for this "defendant, of Niles & Watson and of William Isham, on the 21st "day of December, 1843, in the city of Hartford, Conn., to account "for. That said Hutchins has not given any account for said sum "of money last named, which is still due to this defendant, from "said Hutchins, except the sum of one hundred and forty-four dol- "lars and twenty-seven cents, paid at said date, December 21, 1843, "to James Allen, and about the sum of six hundred and sixty dol- "lars, paid by said Hutchins thereout to Moses Southard; the bal- "ance with interest thereon being due to this defendant, from said "Hutchins, and unpaid."

It appeared that the claims made in that answer were referred to a master in chancery, who reported that said money received of said Niles & Watson and of said Isham, was received by Hutchins & Buchanan; and that the report was accepted by the court of chancery, and that said claims, as against said Hutchins alone, were disallowed. Afterwards, said Brigham claimed and was allowed, in his account against the defendants, for the whole of this money so received by them, of said Niles & Watson and of said Isham, as by the auditor's report in this action appeared. It was testified, by said Brigham, that the money mentioned by him, in his answer, as paid to Moses Southard, was that paid him on the note above described, and so the court found the fact: and upon

the foregoing showing, the county court adjudged that the defendants be allowed the amount due on said note, in offset to the plaintiff's account, to which the plaintiff excepted.

*C. B. Leslie* for the plaintiff.

*Peck & Colby* for the defendants.

The opinion of the court was delivered by

IsHAM, J. The declartion in offset is in general assumpsit for money paid and for money had and received, to which the plaintiff has pleaded the general issue and the statute of limitations. Under this issue, the defendants gave, in evidence, a joint and several promissory note, given by the plaintiff and one James Allen, to one Moses Southard or order, and by him endorsed in blank and without recourse. The execution and endorsement of this note, and its delivery to the defendants, do not appear to have been disputed. After that endorsement, the defendants could have sustained an action against the plaintiff alone, as one of the joint and several makers of the note, so that there is a mutuality of claims, and it is a proper matter for an offset, provided the claim has a legal existence. The rule has been fully recognized in this state, that endorsees of a negotiable note may recover its amount of the makers, under the general counts in assumpsit.

The objection to this offset, that no notice of the transfer of this note to the defendants was given to the plaintiff before the commencement of this suit, would have been well taken, if it appeared from the case that any question of the kind was made before the county court, or any objections to the offset were made for that reason. No such facts appear from the case. Every intendment will be made in favor of the judgment. It will be presumed that that fact was proved on the trial, or waived by the party, unless it appears from the exceptions that the matter was in dispute, and that there was some error in the ruling of the court on the subject. As no such matter appears, this objection is avoided.

There is nothing in the case showing that this note has been paid to the defendants, or to any other person. The money received on the Hartford claim, was received by the defendants, Hutchins &

Buchanan, and for it they were accountable to the plaintiff. It appears, from the report, that that whole claim has been allowed to the plaintiff, by the auditors, in the suit to which this offset is pleaded. The note, therefore, remains unpaid, so far as the application of any part of that money has been made for that purpose. The defendants are, therefore, entitled to have this offset made, unless prevented by the statute of limitations.

The note is dated October 12, 1843, more than six years before the commencement of this suit. To avoid the effect of the statute, a new promise, within six years, is relied upon by the defendants. To show that subsequent acknowledgment or promise, the defendants gave, in evidence, an answer in chancery, filed by the plaintiff on the 9th of August, 1851, at the suit of the defendant Hutchins. In that answer, the plaintiff stated that the amount of the Hartford claim was received by Mr. Hutchins, and that after the payment of a claim due to James Allen, and the sum of about $660.00, paid by Mr. Hutchins to Mr. Southard, on this note, the balance with the interest was then due to the plaintiff. That statement is a full acknowledgment of the existence of that note as a claim due from him, and which, at that time, he expected to have paid by the application of a portion of that money. The subsequent recovery of the whole of that money by the plaintiff, and his consequent refusal to have any part of it apply in payment of the note, leaves the note as a subsisting claim in favor of the defendants, as endorsees, against the plaintiff, which may be enforced against him, under this declaration in offset. The case is brought within the rule which has been frequently recognized in this state, that the acknowledgment of an existing indebtedness, is sufficient to remove the statute bar. The law will imply a promise to pay the debt from such an acknowledgment; and a willingness to do it, also, when no qualification of the promise was made at the time, and no dissent was expressed, showing a different intention.

Judgment of the county court affirmed.