## MALLEY v. WEINMAN.

### Assumpsit.    Promissory Note.

One of two payees of a negotiable promissory note indorsed by the payees in blank, may recover upon it under the general money counts.

GENERAL ASSUMPSIT. Plea, the general issue, and trial by jury, April Term, 1875, PIERPOINT, Ch. J., presiding.

The plaintiff, one of the firm of Malley & Castello, offered in evidence a promissory note for $50, dated May 15, 1874, payable to the order of Malley & Castello in four weeks from date, signed by the defendant, and indorsed in blank by the payees. Defendant objected that plaintiff could not recover upon the note under the general counts; but the court admitted the note in evidence, and, the plaintiff offering no other evidence, directed the jury to render a verdict for the defendant, and verdict accordingly. Exceptions by plaintiff.

*H. H. Talcott*, for the plaintiff, cited *Chase* v. *Burnham*, 13 Vt. 447; *Brigham* v. *Hutchins*, 27 Vt. 569.

*R. H. Start*, for the defendant.

The exceptions do not show upon what ground the judgment below was predicated, and hence this court has nothing before it by which it can revise that judgment.

But if it can be said that enough appears upon the record to enable this court to revise the judgment below, we insist that

upon the record as presented, the decision was correct. It does not appear in what character the plaintiff claimed to recover; nor does it appear in what character he sued. The suit being in the name of the plaintiff alone, who appears to be one of the payees in the note, payable to a partnership of which he is a member, in the absence of any evidence to the contrary, the presumption is that he sues as payee, and hence could not recover on the ground of variance. If he sued as indorsee, and claimed to recover in that character, he should have adduced some evidence of that fact to warrant a recovery. If he sued as assignee or indorsee, he could not recover without some evidence showing his title as such. 2 Greenl. Ev. s. 163. The question whether an indorsee of a promissory note can recover under the general money counts, is not presented by the record, because it does not appear that plaintiff sued as indorsee, and because the court admitted the note as evidence under the general money counts.

The opinion of the court was delivered by

ROYCE, J. The declaration in this case contained the general counts in assumpsit; and the plaintiff sought to recover the amount due upon a note executed by the defendant, and made payable to the order of the firm of Malley & Castello. The note was indorsed in blank, and was admitted as evidence. The plaintiff did not introduce any other evidence; and the only question reserved is, whether the plaintiff upon that evidence was entitled to recover. The same question was presented in *Chase & Green* v. *Burnham & Dana*, 13 Vt. 447; and in *Brigham* v. *Hutchins & Buchanan*, 27 Vt. 569; and it was held in both of said cases, that the indorsee of a negotiable promissory note might recover against the maker under the general money counts. This being the rule, the plaintiff, upon the evidence introduced by him, was clearly entitled to a judgment.

Judgment reversed, and cause remanded.